REUBEN LESLIE MAYNARD and EDWARD C. TITUS, as Trustees for the Benefit for Life of BLANCHE A. THOMPSON, under Trust Agreement Executed and Delivered by JOSIAH V. THOMPSON and BLANCHE A. THOMPSON, Plaintiffs, *v.* THE FARMERS LOAN AND TRUST COMPANY, as Executor of and Trustee under the Last Will and Testament of BLANCHE A. THOMPSON, Deceased, and Others, Defendants.

Supreme Court, New York Special Term, November, 1922.

Trust — life estate with power of appointment — direction by life tenant, by will, for trustees to organize a charitable corporation, to which she bequeathed the principal of the trust estate over which she had the power of appointment is a proper exercise of the power and not against the Statute of Perpetuities (Pers. Prop. Law, § 11).

A trust was created for the benefit of the settlor's wife for life, with direction that the principal should be turned over to " such person, persons, institution, institutions, corporation or corporations authorized by law to receive the same "

as she should by her last will designate and appoint. A direction in her will for the payment of the remainder to a trust company in trust was followed by a clause in which her executors were directed " as soon as practicable after my decease " to organize a valid charitable corporation to which the remainder of the estate was bequeathed. In a suit by the trustees to settle their accounts, *held*, that under the rule that the law will presume done what should be done and what it could compel to be done, the mere delay necessary for the administrative purpose of organizing a corporation was negligible and not within the contemplation of the Statute of Perpetuities (Pers. Prop. Law, § 11).

SUIT by trustees to settle their accounts.

*Reuben Leslie Maynard*, for plaintiff.

*Osborn, Fleming & Whittlesey*, for Farmers Loan and Trust Company, executor. ,

*Geller, Rolston & Blanc*, for Farmers Loan and Trust Company, as trustee, and Friendship Hall Vacation Home, Inc.

*Arthur F. Gotthold*, for Josiah V. Thompson.

BIJUR, J. This action is brought by the trustees of an express trust, which has terminated, to have their account judicially settled and to have the court determine to whom the balance in their hands shall be paid. The trust was created by Josiah V. Thompson for the benefit of his wife, Blanche A. Thompson, for life with the direction that the principal should be turned over " to such person, persons, institution, institutions, corporation or corporations authorized by law to receive the same as said Blanche A. Thompson shall in a last will and testament * * * designate and appoint to receive the same. * * *." By the 25th clause of Blanche A. Thompson's will she directed that the remainder be paid over to the Farmers Loan and Trust Company in trust for various purposes, which are not questioned in the present proceeding, and then follows the 26th clause in which her executors are directed " as soon as practicable after my decease " to organize a corporation for valid charitable purposes to whom the remainder of the estate is bequeathed. The donor of the trust, Josiah V. Thompson, urges that this exercise of the power of appointment was not valid for two principal reasons, *first*, that the language of the trust agreement contemplated a gift by her only to a corporation or corporations then in being, with which contention I do not at all agree. But his chief point, as I understand it, is that under the law of New York, which he claims to govern the situation, the bequest is invalid as an undue suspension of the power of alienation, *i. e.*, for a longer period than two lives in being. As the other parties to this proceeding maintain that it is indifferent whether the law of New York or Pennsylvania be held to govern, I deal with the ques-

tion as governed by the laws of New York. In that view I think it clear that the fact that the power of alienation is suspended for the time necessary to incorporate the institution described by the testatrix is entirely negligible, such administrative delays having been held not to be within the contemplation of the statute (Pers. Prop. Law, § 11). " The statute of perpetuities is not violated by directions which may involve some delay in actual conversion or division of property arising from the necessity of giving notice or doing other preliminary acts. (*Manice* v. *Manice*, 43 N. Y. 303.) " *Robert* v. *Corning*, 89 N. Y. 225, 238. The same holding is in my opinion plainly implied in *Matter of LeFevre*, 233 N. Y. 138. Any other view would render invalid bequests or devises to all institutions to be organized after a testator's death. Where, as here, the executors are directed to organize a corporation " as soon as practicable after the testator's death " the law will presume done what should be done and what it can compel to be done, and the mere delay necessary for this administrative purpose must be regarded as negligible from the standpoint of the Statute of Perpetuities. Submit judgment accordingly.

Judgment accordingly.