REUBEN LESLIE MAYNARD and Another, as Trustees for the Benefit for Life of BLANCHE A. THOMPSON, under Trust Agreement Executed and Delivered by JOSIAH V. THOMPSON and BLANCHE A. THOMPSON, Respondents, *v.* THE FARMERS' LOAN AND TRUST COMPANY, as Executor, etc., of BLANCHE A. THOMPSON, Deceased, JOSIAH V. THOMPSON, and FRIENDSHIP HALL VACATION HOME, INC., Appellants, Respondents.

First Department, February 8, 1924.

Trusts — construction — decree in divorce action in Pennsylvania awarded wife $1,000,000 in lieu of dower rights and alimony — agreement between parties provided that part of amount should be placed in trust for wife with power of appointment by will — wife, not husband, is grantor of trust for wife's benefit — wife became resident of New York — laws of New York control as to power of appointment and exercise thereof — wife's gift by will to charitable corporation to be formed after her death is valid — corporation formed one year after death of wife is entitled to accrued income.

A wife is the grantor of a trust for her benefit, where it appears that the judgment in a divorce action in Pennsylvania awarded the wife $1,000,000 in lieu of dower rights and alimony; that on the same day the judgment was entered the parties made an agreement whereby a part of the amount awarded to the wife was to be placed in trust for her benefit with full power of appointment in the remainder over, and that said sum so placed in trust was to be considered as paid in part satisfaction of the divorce decree, and that after the payment of the part going to the wife absolutely, and after the establishment of the trust, a receipt was given to the husband in full payment and satisfaction of the decree.

While the law of the State of Pennsylvania controls as to the trust agreement and its construction, since the parties resided in that State at the time it was made, the law of the State of New York must control with reference to the power of appointment and its exercise by the will of the wife since she resided here at the time of her death.

The bequest by the wife of a certain portion of the trust fund to a charitable corporation to be organized after her death is valid.

The charitable corporation, which was organized about one year after the death
of the wife, is entitled to receive the income from the bequest accruing between
the date of her death and the date of the formation of the corporation.

SMITH, J., dissents in part, with opinion.

APPEAL by the defendants, The Farmers' Loan and Trust Company, as executor, etc., and Friendship Hall Vacation Home, Inc., and by the defendant, Josiah V. Thompson, from different parts of a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 21st day of March, 1923, upon the decision of the court rendered after a trial at the New York Special Term.

This action is brought by the trustees of an express trust which has terminated, to have their account judicially settled and to have the court determine to whom the fund now in the possession of the trustees shall be paid. The opinion of the Special Term is reported in *Maynard* v. *Farmers' Loan & Trust Co.* (119 Misc. Rep. 503).

*Arthur F. Gotthold* of counsel [*William A. Seifert* and *Walter W. Gross* with him on the brief], for the appellant, respondent, Josiah V. Thompson.

*Osborn, Fleming & Whittlesey* [*George N. Whittlesey* of counsel; for the appellant, respondent, The Farmers' Loan and Trust Company, as executor, etc., of Blanche A. Thompson, deceased.

*Geller, Rolston & Blanc* [*Frederick Geller* of counsel; *Henry C. Eldert* with him on the brief], for the appellants, respondents, The Farmers' Loan and Trust Company, as trustee, etc., of Blanche A. Thompson, deceased, and Friendship Hall Vacation Home, Inc.

*Reuben Leslie Maynard*, for the plaintiffs, respondents.

MARTIN, J.:

At the June term, 1912, of the Court of Common Pleas of Fayette county, Penn., Josiah V. Thompson, one of the defendants herein, commenced an action for divorce against Blanche A. Thompson.

The decree in that action, entered January 20, 1913, granted him a divorce and provided that the sum of $1,000,000 be paid to the said Blanche A. Thompson, upon the entry of the decree, in complete satisfaction, release and discharge of all her marital rights in the property of Josiah V. Thompson, including dower, it being provided that said sum be paid " irrevocably in bar " of alimony. After the entry of this decree, Blanche A. Thompson became entitled to the payment of $1,000,000.

8

An agreement, acknowledged the same day, January 20, 1913, recites:

" That WHEREAS it has been heretofore mutually understood and agreed by and between said parties of the first and second part hereto, that — out of certain moneys to be paid by said party of the first part, to said party of the second part, in satisfaction of a certain judgment or decree of the Court of Common Pleas of the State of Pennsylvania made and entered in Fayette County, Pa., on the 20th day of January, 1913, requiring said party of the first part, to pay to said party of the second part, the full sum of Ten Hundred Thousand ($1,000,000) Dollars,— an irrevocable trust in the sum of Seven Hundred Thousand ($700,000) Dollars should be created for the benefit for life of said party of the second part, with full power of appointment, as to the remainder over, to her reserved, by proper provision in the instrument creating such trust contained, and

" WHEREAS said party of the second part has heretofore requested and desired and hereby requests and desires, that such trust for her benefit should be created, in the manner aforesaid, and has heretofore consented and hereby consents, that out of the moneys to be paid to her in satisfaction of said judgment aforesaid the full sum of Seven Hundred Thousand ($700,000) Dollars be paid over to said parties of the third part, hereto, or to such of them as may qualify hereunder, as Trustees of the irrevocable trust, hereby created, and has heretofore agreed and hereby agrees that said Seven Hundred Thousand ($700,000) Dollars when so paid over as aforesaid, by said party of the first part, shall to that extent satisfy, liquidate and cancel said judgment or decree, affecting the property of said party of the first part."

Thus it was provided that the $700,000 for said trust fund should be part of the amount to be paid to Blanche A. Thompson in satisfaction of the decree referred to above. The decree directs " That the sum of One Million Dollars be paid by the said Josiah V. Thompson to the said Blanche A. Thompson upon the entry of this decree * * *."

On the payment of $300,000 received by the attorney for Blanche A. Thompson, and of $700,000, according to the agreement, receipt of $1,000,000 from Josiah V. Thompson, " libellant," in full payment and satisfaction of the decree and the judgment entered thereon, was acknowledged.

On or about the 18th day of August, 1919, Blanche A. Thompson died, leaving a last will and testament, by the terms of which she disposed of the trust fund provided for in the trust agreement.

It is now contended that the power of appointment was not

properly exercised by Blanche A. Thompson in her last will and testament, and that by reason of that fact the whole or at least a portion of the trust fund now belongs to Josiah V. Thompson because he was the grantor thereof. He contends that, upon the failure of Blanche A. Thompson to properly exercise the power of appointment, he became entitled to the fund.

It is apparent from the entire transaction, as well as from the recitals in the trust agreement, that the amount paid over to the trustee was so paid from the amount which was awarded by the decree or judgment to Blanche A. Thompson. Josiah V. Thompson was not the grantor. He merely paid the judgment to Blanche A. Thompson, to the extent of $700,000 thereof, by turning into the trust fund that part of the $1,000,000 awarded to her by the decree. Payment to her of the judgment debt was the essential purpose of the entire transaction. Instead of having the money paid directly to her and by her turned into the trust fund, there was one direct operation. Though the reason therefor may have been to protect Blanche A. Thompson against a different disposition by herself of that amount of the judgment debt, it is nevertheless a fact that she was the judgment creditor to whom payment of the entire sum of $1,000,000 was decreed. When we look to the substance and not to the mere manner of payment, we immediately appreciate that she and not her husband was the grantor.

From the record before us the conclusion is inevitable that Blanche A. Thompson was the grantor of the trust and the real owner of the fund turned over to the trustees, and, subject to the provisions of the agreement, she retained her interest. When the judgment was rendered she was the owner of it. That was clearly recognized when the $300,000 was paid to her. She had a like interest in the remainder of the judgment debt, the $700,000, subject to the provisions of the agreement by which she consented to have the same placed in trust for her benefit with the right of disposition by her will.

When she accepted the amount of the judgment, she released valuable dower rights and alimony, sufficiently valuable to render Josiah V. Thompson willing to part with $1,000,000 for their relinquishment.

Having decided that Blanche A. Thompson was the grantor of the trust fund and that she had an absolute right to make such an irrevocable trust, reserving a power of appointment to be exercised in her will, we proceed to consider whether that power of appointment was properly exercised.

It is contended that the provisions of the will must fail because it attempts an unlawful suspension of the absolute ownership

of personal property. Her will provides for a distribution of the trust fund. After making some bequests, she proceeds by creating several life estates with remainders over to a corporation to be organized after the death of the testatrix, finally providing that her entire residuary estate be given to that corporation.

It is contended that the gift to the corporation not in existence at the time of the death of the testator is void. With reference to this the will provides: "I hereby direct my said executors, as soon as practicable after my death, to organize, or cause to be organized a corporation to take over all of the property herein bequeathed and devised under this the residuary clause of my will. * * * *"

In pursuance of the provisions of the will, the Friendship Hall Vacation Home, Inc., was incorporated in July, 1920, about one year after the death of Blanche A. Thompson.

In relation to the trust agreement and its construction, the law of the State of Pennsylvania controls, it being conceded that both parties resided in that State at the time it was made; but with reference to the power of appointment and its exercise, provided for in the will of Blanche A. Thompson, we are of the opinion that we are governed by the laws of the State of New York, the testatrix having been a resident of this State at the time of her death.

A gift for a charitable purpose to a corporation to be organized after the death of the donor is valid. (*Matter of Le Fevre*, 233 N. Y. 138.) Furthermore in that case there was a direction to erect a home for needy children after the death of the brother and daughter of the testatrix. *Matter of Graves* (171 N. Y. 40) is also an authority upholding as valid a gift such as is found in the will now before the court. (See, also, *Allen* v. *Stevens*, 161 N. Y. 122.)

It is further contended, however, that the corporation may not receive the income earned between the date of the death of the testator and the date of the formation of the corporation. That contention has also been passed upon adversely to the appellants. (*Matter of Potts*, 205 App. Div. 147; affd., without opinion, 236 N. Y. 658.)

The judgment should, therefore, be affirmed, with costs against the appellant Josiah V. Thompson, separately to the plaintiffs and to the defendants Farmers' Loan and Trust Company, as trustee, and Friendship Hall Vacation Home, Inc.; and the conclusions of law numbered 1 and 2 should be reversed, and new conclusions of law made in place thereof in accordance with this opinion.

CLARKE, P. J., MERRELL and FINCH, JJ., concur.

SMITH, J.:

The action is brought by the trustees, under a trust agreement made by Josiah V. Thompson to Blanche A. Thompson to have their account judicially settled, and to have the court determine to whom the balance in their hands should be paid.

It seems that Josiah V. Thompson and his wife lived in the State of Pennsylvania. He was libelant in an action for divorce brought against her in said State. Under the laws of that State, although he may show grounds for such divorce, the courts may require him to pay alimony. He and his wife agreed upon the amount of alimony. The trust agreement, so far as material to this appeal, reads as follows:

" This Indenture made this 18th day of January in the year One thousand nine hundred and thirteen, by and between Josiah V. Thompson of Uniontown, Pa., as party of the first part, Blanche A. Thompson of the same place as party of the second part, and Reuben Leslie Maynard and Edward C. Titus, of the City of New York, State of New York, as parties of the third part, *Witnesseth:*

" That WHEREAS it has been heretofore mutually understood and agreed by and between said parties of the first and second part hereto, that — out of certain moneys to be paid by said party of the first part, to said party of the second part, in satisfaction of a certain judgment or decree of the Court of Common Pleas of the State of Pennsylvania made and entered in Fayette County, Pa., on the 20th day of January, 1913, requiring said party of the first part, to pay to said party of the second part, the full sum of Ten Hundred Thousand ($1,000,000) Dollars,— an irrevocable trust in the sum of Seven Hundred Thousand ($700,000) Dollars should be created for the benefit for life of said party of the second part, with full power of appointment, as to the remainder over, to her reserved, by proper provision in the instrument creating such trust contained, and

" WHEREAS said party of the second part has heretofore requested and desired and hereby requests and desires, that such trust for her benefit should be created, in the manner aforesaid, and has heretofore consented and hereby consents, that out of the moneys to be paid to her in satisfaction of said judgment aforesaid the full sum of Seven Hundred Thousand ($700,000) Dollars be paid over to said parties of the third part, hereto, or to such of them as may qualify hereunder, as Trustees of the irrevocable trust, hereby created, and has heretofore agreed and hereby agrees that said Seven Hundred Thousand ($700,000) Dollars when so paid over as aforesaid, by said party of the first part, shall to

that extent satisfy, liquidate and cancel said judgment or decree, affecting the property of said party of the first part, and  *  *  *

" To hold, manage, invest and reinvest the same, to collect the interest, income, issues and profits thereof, and after deducting therefrom all lawful and proper charges and expenses, to pay over the net income thereof to Blanche A. Thompson, said party of the second part, at convenient regular intervals, during the period of her natural life; and upon the death of said Blanche A. Thompson, to turn over the then principal of said Trust, to wit: the remainder-over of said Trust Fund, to such person, persons, institution, institutions, corporation, or corporations, authorized by law to receive the same, as said Blanche A. Thompson shall in a Last Will and Testament by her duly executed and thereafter duly probated, designate and appoint, to receive the same.

" And said Blanche A. Thompson, party of the second part, hereby gives her consent to the creation, in her behalf, of said irrevocable trust, and to the payment by said party of the first part, in her behalf of said Seven Hundred Thousand ($700,000) Dollars to said parties of the third part, as Trustees, in the manner aforesaid, and hereby admits that such payment was made by said party of the first part at her special instance and request and with her full authorization, and hereby agrees that the amount so paid over by said party of the first part, to said parties of the third part, as principal of the trust hereby created and established, shall to that extent, liquidate and cancel the indebtedness of said party of the first part to said party of the second part, arising out of, and under a certain judgment or decree, requiring said party of the first part, to pay to said party of the second part, the full sum of Ten hundred Thousand ($1,000,000) Dollars, entered in the Court of Common Pleas for Fayette County, Pa., on the 20th day of January, 1913, and further agrees, that said Trust Fund so created and established, shall be held and managed for her benefit for life, by Reuben Leslie Maynard, and Edward C. Titus, as Trustees, their successor or successors, subject to the covenants, conditions and provisions in respect thereto, in this instrument set forth.

" And Josiah V. Thompson, party of the first part, hereby vests in said Blanche A. Thompson, party of the second part, and said party of the second part hereby reserves to herself, a full power of appointment by will in respect to the remainder-over of the trust hereby created and established."

As I construe the agreement he was to pay to her $1,000,000; $300,000 in cash, and $700,000 in the form of a trust agreement, which would insure to her the income therefrom during her life,

and which should give to her the power of appointment by will at her death, as to where the property should go. She made the power of appointment by will, giving certain parts to individuals and other parts to a corporation, the Friendship Hall Vacation Home, Inc., which was to be organized after her death for the purpose of carrying out her charitable purpose.

It is claimed, first, that this appointment to the Friendship Hall Vacation Home, Inc., was void, because the home was not organized at the time of the death, and, therefore, the trust during the time between the death and the organization not being based upon lives in being, the property reverted to the grantor of the trust who is claimed to be Josiah V. Thompson. It is claimed, further, that even if these moneys should pass to the Friendship Hall Vacation Home, Inc., the income after the death and until the formation of the corporation was suspended and belonged to Josiah V. Thompson. It is claimed, on the other hand, that there was no illegal accumulation, and that if there was, the grantor in fact in the trust deed was Blanche A. Thompson, and the property not legally disposed of by the appointment went to her estate and not to the estate of Josiah V. Thompson.

I am of opinion that Josiah V. Thompson was the grantor of this trust, and the donor thereof. The divorce action was not an action in which he was at fault. Blanche A. Thompson was the one at fault. While the statute* authorizes the court in its discretion to require him to pay her alimony, she has no legal right thereto and cannot enforce any claim to alimony except in the discretion of the court, and, furthermore, that alimony contemplates payment to a wife while she is living only and not after her death. It will be remembered, however, that under this trust agreement which is signed by both parties, she releases all her right of dower. That was a legal right upon which she could insist, irrespective of the discretion of the court. How much was involved in that right of dower is not shown, or what influence that may have had upon the execution of the agreement. In the trust agreement she speaks of " reserving " to herself the power of appointment. It is claimed that that reservation only can be made by one who had title to the property which was transferred in trust, that is, by the grantor of the trust. But, it should be borne in mind that she was signing this agreement, she was releasing her dower, and this word " reserves," might well be construed to mean that she " stipulated " for herself the power of appointment at her death.

---

* See Penn. Laws of 1895. p. 308, No. 226, § 1; Penn. Stat. 1920, § 9145; 1 Purd, Dig. (13th ed.) 1234, 1235, § 7, subd. 3.— [REP.

While the judgment in the divorce action seems to be a money allowance of $1,000,000, and it is *prescribed that it was paid*, it was evidently paid in the manner described in the trust deed, and was so contemplated. The moneys were delivered, the $300,000 to her, and the $700,000 to Maynard, who was her attorney, and also who was a trustee under the trust agreement, so that at no time did these trust moneys come into her hands from Josiah V. Thompson. It seems perfectly clear that probably for the purpose of protecting her he insisted upon the payment of this judgment in part by the execution of this trust, and that he was in fact to be the grantor of the trust and she fully assented to this arrangement. The agreement was executed before the entry of the judgment. I cannot escape the fact that the trust was made by him. If her contention here is right, the trust agreement should have been made by her. The claim is that he executed it as her agent, but he does not purport to have executed it as her agent. There is no provision in the trust deed as to what shall become of the property which does not pass under any appointment, but the law itself makes provision that that shall go to the grantor of the trust, and the fact that Josiah V. Thompson was himself the grantor of the trust is the most prominent fact which stands out in the determination, that if any property were not disposed of by legal appointment, the property reverted to the grantor of the trust and did not go to the heirs of the beneficiary of the trust.

But, in my opinion, there is no doubt that the power of appointment was properly exercised, so that there was no money to revert to the grantor of the trust, whether it be Josiah V. Thompson, or his wife's heirs. The construction of this trust, which was made in Pennsylvania, must be governed by Pennsylvania law. The validity of the will, by which the appointment was made, must be governed by the laws of New York, of which State Blanche A. Thompson was a resident at the time of her death. The trustees held the moneys in trust until they were paid over to this corporation to be organized. The trust existed, the purpose existed immediately at the death of Blanche A. Thompson. The trust could have been carried out by the court pending the time of the organization of this corporation and the income that was accumulating could have been expended by the court for the purposes of the trust, if necessary, before the formation of this corporation. There was no suspension of the power of alienation, nor was there any illegal accumulation of interest.

The case of *Matter of Potts* (205 App. Div. 147) is decisive of this case. As stated the trust for this charity was immediate upon the death of Blanche, inasmuch as she provided for the

formation of this corporation as soon as practicable after her death. There is no provision giving the property to any other party pending the formation of this corporation. It was provided in the will of Blanche A. Thompson that this $700,000 trust fund should, part of it, go, first to individuals, but the remainder should go to this corporation. The trust to other parties for life would not begin until the death of Blanche A. Thompson, and would end some time later, after the death of the life beneficiary, and probably after the formation of the corporation, so that the purpose to give this property to this charitable corporation and to devote this money to this specific charitable purpose, was just as immediate as the gift of the remainder to this corporation.

There is no question raised by the attorney for the Farmers' Loan and Trust Company, the executor and trustee, as to the finding of the court that the provisions of this will should be governed by the laws of the State of New York. I think it was rightly so held. The validity of the trust agreement and the interpretation of that trust agreement should be made under the laws of the State of Pennsylvania, as both parties were residents of the State of Pennsylvania, and the trust there created. When her will was made, and when she died, she was a resident of New York State, so that the execution of the power of appointment must be made in accordance with the laws of her domicile, and all that was held here, of which the executor complains is that the will should be construed under the laws of the State of New York. She is required to make the appointment authorized in the manner that is lawful at the time that she makes the appointment. No question is raised upon any provision of the trust agreement as between the laws of New York and the laws of Pennsylvania. The only question is as to the provision in the will, that is, in the exercise of the power of appointment, which was held below to have been properly made under the laws of the State of New York, of which she was a resident at the time she made the will and at the time she died.

There are two appeals here. The first is the appeal by Josiah V. Thompson practically as against all of the judgment, that is, denying him the right to a reversion of a part of the trust fund which was not properly appointed. The judgment upon that appeal should be affirmed.

The defendant Farmers' Loan and Trust Company appeals from the first, second and third findings of the court. The first provision is that Josiah V. Thompson was the grantor of the trust fund. The second provision of the judgment is that the interest of Blanche A. Thompson was determined and fixed solely

by the trust agreement, and the third provision of the judgment, that the laws of the State of New York govern as to whether or not Blanche A. Thompson validly exercised her power of appointment over such trust fund. Upon each one of these questions I think the judgment was right.

The judgment should be affirmed upon both appeals, with separate bills of costs against the appellant Josiah V. Thompson to the plaintiffs and to the defendants, Farmers' Loan and Trust Company, as trustee, and Friendship Hall Vacation Home, Inc.

Judgment affirmed, with costs, as stated in opinion of MARTIN, J. Settle order on notice.