In the Matter of the Estate of GEORGE W. TOWER, Deceased.

Surrogate's Court, Oneida County, May 29, 1933.

*Harold Fuess* [*Warnick J. Kernan* of counsel], for the proponent.

*Fred B. Adams* [*Henry M. Love* of counsel], for the contestant.

EVANS, S.   This is a proceeding to construe a portion of the last will and testament of the above-named testator.   He was a bachelor and a resident of the village of Waterville, N. Y.   After providing legacies to the Waterville Cemetery Association and to the First Presbyterian Church of that village, the fourth paragraph of the will directs the executors, " As soon as convenient and possible after my decease, to cause to be organized and incorporated under the proper laws of the State of New York, a Charitable Corporation having its business offices at Waterville, N. Y., to be known as the ' Waterville Home for Homeless Ladies,' to be so organized and founded for the homeless ladies of Waterville and vicinity."

It is further provided that the home shall be non-sectarian, and

that the number of its trustees or directors shall be at least six, residing in Waterville or vicinity, and selected because of his or her church affiliations, one of whom shall be selected from each of the Catholic, Presbyterian, Methodist, Episcopal, Baptist and Welsh churches. For the first year of its existence the following named persons, if living and willing to act, are named as trustees or directors, viz., Charles B. Toole, Edward Barton, C. Green Brainard, A. Osborne Mayer, W. Frank Suters and John D. Jones, all of Waterville, N. Y.

Eliminating certain details not deemed essential to repeat, the following paragraph reads: "When such corporation shall be so incorporated as above set forth, I give, devise and bequeath all of the rest, residue and remainder of my property, and estate, both real and personal and mixed and wherever the same may be situated unto the trustees or directors thereof, in trust however, that all money or investments of money value shall be kept invested in some good interest bearing securities for all coming time as a trust fund or endowment for such 'Waterville Home for Homeless Ladies' and it is my desire that so far as possible said trustees keep my present investments or those of a similar nature and that the income or interest therefrom as fast as received be used and expended in the maintenance, upkeep and operation of said home."

The testator expressed the desire that his residence in Waterville be used for the purposes of the home, if found suitable, but if not, the trustees or directors are authorized to sell the property and with the proceeds purchase or erect other suitable buildings.

The validity of this disposition of the real and personal property is challenged by Anna C. Westcott, a cousin of the testator and the sole heir at law, next of kin and distributee. It is her contention that the paragraph of the will marked "fourth" makes no present gift, devise or disposition of the property therein described; that there is created an unlawful suspension of the power of alienation not measured by two lives in being and that the attempted devise and bequest is void. Mrs. Westcott, as a contestant, asserts that the proposed charitable corporation takes nothing under the will until it is duly incorporated, and that from the date of death of the testator to some undetermined date when such incorporation is effected, a hiatus in ownership exists, and under the laws of descent and distribution legal title to the property vests in the contestant and cannot be diverted by any subsequent act on the part of the executors or the trustees of the proposed home. There is no issue raised concerning the charitable purpose of the gift, but it is the claim of the contestant that a gift for a charitable purpose must be immediate and not subject to delay until the happening of some future event

in order to exempt it from the law against perpetuities. She points out as defects and infirmities that there is now no corporation in existence to receive the gift, and that it is possible that no such corporation may ever be formed; that no gift in trust is made to qualified trustees of the proposed home, and that no person is clothed with power to demand and enforce a compliance with the directions and terms relating to the gift.

Prior to the year 1893 the courts of this State appear to have been hampered in their efforts to give legal effect to bequests for charitable purposes. In many reported cases the intent of a philanthropic testator was thwarted. This was due to the failure to provide an immediate gift to trustees or by an unlawful suspension not measured by lives in being or due to the indefiniteness of the persons sought to be benefited. This situation evidently demanded relief and liberation from the narrow and artificial restrictions of the common law. The remedy provided is found in chapter 701 of the Laws of 1893, now section 113 of the Real Property Law and section 12 of the Personal Property Law, reading as follows: " No gift, grant or bequest to religious, educational, charitable or benevolent uses, which shall in other respects be valid under the laws of this state shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant or bequest there is a trustee named to execute the same, the legal title to the property given, granted or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such property shall vest in the supreme court."

If there is any force to the argument on behalf of the contestant that a literal reading of the will postpones the gift to the trustees until after the corporation is formed, it would seem that the position of the contestant is not strengthened because the statute provides that failure to name a trustee vests title to the property in the Supreme Court.

Administrative delay in forming a corporation is not within the Statute of Perpetuities. Any other view would " render invalid bequests or devises to all institutions to be organized after a testator's death." (*Maynard* v. *Farmers Loan & Trust Co.*, 119 Misc. 503; affd., 208 App. Div. 112; affd., 238 N. Y. 592.)

A direction in a will to form a corporation for needy children was considered already in existence for the purposes of *Matter of Le Fevre* (233 N. Y. 138).

A bequest of personal property to executors, to hold the same with directions to organize and create a corporation as soon as

can be done, the purpose and object being to construct, maintain and operate a hospital for the care and treatment of persons afflicted with tuberculosis, was held to be a charitable gift and did not violate the law against perpetuities though the period of possession of the property by the executors might extend for more than two lives in being, since the gift was immediate for charitable uses and not preceded by any gift for the benefit of individuals. (*Matter of Potts*, 205 App. Div. 147; affd., 236 N. Y. 658.)

The testator having named six trustees to act during the first year of the existence of the home, I think vested in them the immediate title to the real and personal property applicable for the charitable purpose intended and that the provisions of the will under consideration are valid.

Decreed accordingly.