In the Matter of the Estate of RUDOLPH R. NOLL, Deceased.

Surrogate's Court, Queens County, June 13, 1935.

*Harrison C. Glore*, for the petitioner, Gerda Noll.

*Edward A. Pfeffer*, for the executors.

*George F. Kaiser*, for William Heinz.

*Martin Neumann*, special guardian.

*Earle & Rust*, for the Ottilie Orphan Home of New York.

HETHERINGTON, S. Testator by the fourth paragraph of his will expressly authorized his executors to continue his business and further directed " that as soon as convenient after my death said business be incorporated * * * and that my said executors transfer to said corporation all the assets of said business in exchange for an equivalent amount of the capital stock of said corporation." Of the stock so to be received by his executors, he gave twenty-five per cent to his friend William Heinz, and as to the remainder, directed that it be held in trust for his wife and daughter. The business appears to have been incorporated shortly after death.

In this proceeding to construe the will, the widow contends that the direction to form a corporation and transfer the business to it

in exchange for its stock is void because it involves a suspension of the absolute ownership of personal property for a period beyond that permitted by statute. With this contention I am unable to agree. (See *Boyle* v. *Boyle & Co., Inc.*, 136 App. Div. 367; affd., 200 N. Y. 597.) The Statute of Perpetuities is not violated by directions which may involve some delay in the actual conversion or division of property, arising from the necessity of giving notice, or doing other preliminary acts. (*Manice* v. *Manice*, 43 N. Y. 303.) The delay incident to the organization of the corporation is not within the reason or policy of the statute. Support for this view may also be found in cases involving gifts to charitable corporations directed to be organized after death. (*Maynard* v. *Farmers' Loan & Trust Co.*, 119 Misc. 503; affd., 208 App. Div. 112; *Matter of Tower*, 147 Misc. 773; affd., 240 App. Div. 804.)

Under the fifth paragraph, testator directed that his friend, Frederick A. Albrecht, should be permitted to lease certain property at a specified rental, " as long as he personally wishes to conduct his business therein." I see nothing invalid in this provision. There is absolutely no restraint upon alienation. The interest created cannot extend beyond the life of the lessee.

The trust provisions for the benefit of decedent's widow and daughter are also valid. Even if it be assumed that the testator failed to dispose of the corpus of the trust for the benefit of the widow, in the event of the daughter, after attaining the age of thirty, predeceasing the petitioner, such failure does not affect or impair the validity of the trusts. This contingency may never happen. A determination of the disposition of the remainder will, therefore, be reserved until the contingency occurs. (*Matter of Mount*, 185 N. Y. 162.) Submit decree on notice construing the will accordingly.