In the Matter of the Accounting of the EMPIRE TRUST COMPANY, as Successor Trustee, and JEROME HIRSHFELD et al., as Executors of DIANA S. HIRSHFELD, Deceased Trustee under the Will of SAMUEL W. ADLER, Deceased.

Surrogate's Court, New York County, August 12, 1948.

*Stephen P. Nash* and *Eileen M. Lucey* for Empire Trust Company, as successor trustee ·under the will of· Samuel W. Adler, deceased, and others, petitioners.

*Alexander U. Zinke* and *Charles W. Silver* for Empire Trust Company, as successor executor of Fanny Adler, deceased, and another, respondents.

*Florence Perlow Shientag,* special guardian for Marcy D. Schultz and another, infants, respondents.

DELEHANTY, S. Deceased created a trust for the benefit of his wife and authorized her ·" to make disposition of all of the principal of this trust upon the termination thereof, that is, upon her death, to such person or persons and in such manner as she may by her Last Will and Testament direct and appoint." The wife survived deceased and died on September 28, 1947, leaving a will which was duly admitted to probate in this court. She expressly undertook to exercise the power of appointment conferred on her. Her will refers to the power and recites the fact that in respect of the appointed property she could lawfully suspend the power of alienation only for an additional life while in respect of her own individual estate she could create trusts to continue during the lives of two persons in being at the time of her own death. She stated that she intended to marshal and dispose of the property over which she had a power of appointment in such a manner as to pay all debts, funeral expenses, claims, taxes and administration expenses on both her individual estate and the appointed property to the end that her own individual estate would be free of all such liabilities and would be subject to such disposition as she desired to make. Her will then provides:

" Now, therefore, I do give, direct and appoint the principal of the trust created under Article ' Fourth ' of the Will of the said Samuel W. Adler in the following manner, to wit:

" (1) I direct that the Trustee of said trust pay or reimburse to my Executors from said trust fund (a) any and all transfer, inheritance or estate taxes, State or Federal, which may be

finally assessed and determined to be due by my estate or any person taking any part thereof (with penalties and interest, if any), including therein the property herein appointed and any other property included therein by reason of transfers made prior to my death; (b) all of my debts, claims against my estate, funeral expenses, and all Executors' commissions and attorneys' fees, any and all other expenses of administration of my estate of any kind, nature or description. I direct that in making such payments said Trustee shall accept the certificate or certificates of my Executors that said charges are proper and payable and the amount thereof, and said Trustee is hereby fully and completely discharged of any liability by reason of such payments made in accordance with said certificates.

"(2) If, after making or adequately providing for said payments, there shall remain any property in said trust fund, I give and appoint the same to each of the following named individuals who shall survive me, and in the amounts, payable in cash or bonds at their face value, set opposite his or her name."

The donee then directed that the sum of $2,000 be given to each of sixteen individuals and one charitable corporation and that if there were not sufficient funds left in the appointive estate to make payments of these legacies they were to abate proportionately. Her will directed that in the event there was any balance of the appointive property remaining, one half of the balance was to be paid to a sister and two brothers in equal shares and the rest was to be set up in trust for the surviving spouse of the widow — she having remarried after the testator's death.

The surviving trustee asks the court to determine whether the power of appointment was validly and effectively exercised by the donee. The personal representative of one of the distributees of deceased contends that the power of appointment was not lawfully and effectively exercised for the reason that the absolute vesting of the property was postponed for a period not measured by lives in being at the time of the testator's death. It is argued that the directions to pay to the executors of the donee estate taxes, debts, claims against her estate, funeral and administration expenses is the equivalent of a direction that the surviving trustee continue to hold the property for a period of years during which the donee's estate must be administered and that this direction suspends the power of absolute ownership of the property and postpones the vesting for an illegal period.

The general rule is that a deceased's personal estate which his will does not otherwise dispose of constitutes the natural and primary fund for the payment of legacies as well as debts.

" This rule is controlling unless the will, either in express terms or by necessary implication, discloses a different intention on the part of the testator." (*Farmers' Loan & Trust Co. v. Kip,* 192 N. Y. 266, 283; *Low v. Bankers Trust Co.,* 270 N. Y. 143, 150.) The will of the donee expresses in the clearest text her intent that the claims against her estate, all estate taxes and all funeral and administration expenses shall be paid out of the appointive property. The court should give effect to her intention unless the appointment made by her is invalid or ineffective under our public policy.

There can be no doubt that the appointment made by the donee is within the limits of the power granted to her. No contrary assertion is made in this respect. The donee could have appointed the property in such a manner as to blend the appointive property with her own and could have used the compounded body of property to satisfy all debts, claims and legacies (*Matter of Wainwright,* 248 App. Div. 336, 342; *Matter of Camp,* 64 N. Y. S. 2d 755, and cases cited). She could have appointed the property in such a manner that a court of equity would marshal the funds and direct the payment of debts, claims and certain legacies out of the appointive property (*Fargo v. Squiers,* 154 N. Y. 250, 262). In exercising the power the donee chose to state in direct terms the result she sought to reach. The only challenge made to the validity of her appointment is that the absolute ownership of the property is thereby suspended in contravention of the applicable statutes (Personal Property Law, § 11; Real Property Law, § 42).

The statutes which restrain the suspension of the absolute ownership of property are aimed only at suspension of ownership by the terms of the will or other instrument creating the estates and not at a suspension of the power of alienation resulting from circumstances outside the instrument (*Matter of Trevor,* 239 N. Y. 6, 16; *Hope v. Brewer,* 136 N. Y. 126; *Robert v. Corning,* 89 N. Y. 225, 238; *Beardsley v. Hotchkiss,* 96 N. Y. 201, 214; *Matter of Noll,* 157 Misc. 73, mod. 247 App. Div. 820). In *Robert v. Corning (supra)* the Court of Appeals said (p. 238): " The statute of perpetuities is not violated by directions which may involve some delay in the actual conversion or division of property, arising from the necessity of giving notice, or doing other preliminary acts. (*Manice v. Manice,* 43 N. Y. 303.) Such delays are not within the reason or policy of the statute. The statute was aimed against the creation of inalienable trust estates, or contingent limitations, postponing the vesting of titles beyond the prescribed period." In *Beardsley v. Hotchkiss*

(*supra,* pp. 214–215) the court said that " the statute is aimed only at the suspension of the power of alienation by the terms of the instrument, and not such as necessarily arises from the disability of infancy, *or from other causes outside of the* instrument." (Emphasis supplied.) This principle was reiterated by the Court of Appeals in *Matter of Trevor* (*supra*) where Judge Pound said (p. 16) : " The statute is aimed only at suspension by the terms of the will."

In the will of this donee there is no direction that the appointive property be held by deceased's trustee for any period whatever. There is a direct present gift and appointment. The will says " I do *give, direct* and *appoint* the principal " in the manner therein set forth, and " I *direct* that the Trustee of said trust pay   *   *   *.'' (Emphasis supplied.) There is nothing in the terms of the will itself that postpones for an instant even the right of possession. Any delay that may occur in actual payment will result not from the terms of the will but from the practical necessities of orderly administration and distribution. It is not beyond the realm of possibility that the executors of the donee could immediately forecast with accuracy and could certify to the trustee the amount of the donee's debts, of the claims against her estate and of the taxes and administration and funeral expenses payable. Even so, deceased's trustee in the exercise of reasonable care probably would insist that actual payment in full wait until the amounts could be definitely and finally fixed. Such a delay, however, is only a delay in actual transfer of possession and is not the result of any suspension of absolute ownership directed by the will itself.

Even in cases where the will itself as a detail of administration contains a direction for holding the property for a period of time, the administrative direction is not regarded as an infringement of the statute (4 Restatement, Property, Appendix, ch. A., par. 66; *Hope* v. *Brewer,* 136 N. Y. 126, 135, *supra; Maynard* v. *Farmers' Loan & Trust Co.,* 208 App. Div. 112, affd. 238 N. Y. 592; *Matter of Potts,* 205 App. Div. 147, affd. 236 N. Y. 658; *Matter of Dean,* 167 Misc. 238). In such cases there is an immediate vesting of the interests but they remain subject to the administrative act provided for. Here the donee has not directed deceased's trustee to hold the property for any period and has not enjoined upon it the performance of any new administrative act prior to distribution except the usual implicit obligation to distribute only in the shares and for the purposes specified in her

will. If, however, an explicit direction to a trustee to hold for a short term as a detail of administration would not offend the statute, *a fortiori,* the statute would not be violated by the practical necessity of holding the funds until sufficient facts were assembled to enable the parties to determine precisely the amounts payable to the respective appointees.

It is not irrelevant to point out that in every distribution made pursuant to an exercised power of appointment there is necessarily a delay in payment caused by the lapse of time between the death of the donee and the probate of his will. Until the will of the donee is admitted to probate, no one can say that it is his last will and testament. Therefore, a trustee under the will of a donor must hold the appointed property until the termination of the probate proceeding in the estate of the donee even though a long period may elapse before the litigation in that proceeding comes to a conclusion. Yet it cannot be argued seriously that this delay renders every appointment invalid.

The court holds that the power of appointment granted by deceased was validly and effectively exercised by his donee. Her appointment of a part of the fund in further trust for the life of her husband is valid (*Matter of Hart,* 262 App. Div. 190).

Permission is granted to the trustee to reserve out of the principal of the trust under the fourth paragraph of the will the sum of $13,200 for the payment of the proportionate share of that trust of any additional tax assessments. The request for authority to make partial distribution of the fund reserved to meet obligations under the Fair Labor Standards Act is likewise granted. A stipulation embodying the terms of the agreement made by the parties in respect of the $9,900 reserve fund is directed to be filed.

Submit, on notice, decree construing the will and settling the account accordingly.