In the Matter of the Construction of the Will of MICHAEL WEINSTEIN, Deceased.

Surrogate's Court, Kings County, December 2, 1954.

*Joseph P. Tolins* for Louis Hertzberg and another, as executors of Michael Weinstein, deceased, petitioners.

*Maurice V. Seligson* for Sophie Weinstein.

*Arthur Block,* special guardian for infants.

RUBENSTEIN, S. The executors ask for a construction of only one provision of the will, paragraph " Ninth ", claiming that under section 11 of the Personal Property Law this paragraph unlawfully suspends the power of alienation. The provision

attacked reads: " In the liquidation of my estate, it is my wish and I so direct that my Executors do not sell or dispose of the shares of stock owned by me in (certain named corporations) as long as the businesses conducted by the said corporations are not losing money."

The executors pray that the court declare this provision wholly invalid so that they may proceed with the sale of such stock as though no such provision were contained in the will.

Testator's entire estate, including such stock, appears to have been completely disposed of in the codicil and in the first eight paragraphs of the will. The stock in these corporations remaining after the payment of debts, legacies and the creation of a trust for the benefit of the widow, is specifically bequeathed to named individuals. No stock is bequeathed to the executors as such and they are given no powers with respect to the stock other than those which arise from their office as executors. As it was said in *Matter of Columbia Trust Co.* (186 App. Div. 377, 380): " It is of course the duty of the executor to inventory property specifically bequeathed to the end that it may be appraised and resorted to, if necessary, for the payment of debts and the expenses of administration and the payment of any legacies having priority, and in order that any transfer tax thereon may be paid; but unless it be needed for one of those purposes the executor is under no obligation to take possession of such property or to deliver the same to the legatee to whom the title has already passed, subject only to this right of the executor."

The direction in paragraph " Ninth " of the will directing the executors not to sell the stock is directed to them as executors only. This direction creates no inalienable trust or contingent interest. This paragraph does not forbid the specific legatees to assign or otherwise dispose of their vested interests to the stock under the will. Paragraph " Ninth ", therefore, does not unlawfully suspend the power of alienation (*Robert v. Corning,* 89 N. Y. 225; *Matter of Meyer,* 119 N. Y. S. 2d 737; *Matter of Adler,* 193 Misc. 19; *Matter of Graves,* 194 Misc. 394).

No determination as to the validity or effect of the election filed by the widow to take an intestate share against the provisions of the will under section 18 of the Decedent Estate Law is prayed for in this proceeding and no determination with respect thereto is made.

Proceed accordingly.