In the Matter of the Accounting of BANKERS TRUST COMPANY, as Trustee under a Trust Made by CHARLES H. PRATT, Respondent. CHILDREN'S HOME SOCIETY OF FLORIDA et al., Appellants-Respondents; HELEN A. PRATT et al., Respondents-Appellants; DRUSILLA P. GJOERLOFF et al., Respondents.

First Department, April 10, 1958.

Leland J. Markley of counsel (Lewis A. Spence and Lemuel Skidmore, Jr., with him on the brief; Kelley, Drye, Newhall & Maginnes, attorneys for The Children's Home Society of Florida; Thomas G. Chamberlain, attorney for New York Infirmary; Root, Barrett, Cohen, Knapp & Smith, attorneys for Tuskegee Institute; Putney, Twombly, Hall & Skidmore, attorneys for Berkshire Industrial Farm; George Gray Zabriskie, attorney for Seamen's Church Institute of New York), appellants-respondents.

Mary R. Cowell (J. Thomas Gurney with her on the brief), attorney for respondents-appellants.

Gerald J. McMahon of counsel (Ralph G. Albrecht with him on the brief; Peaslee, Brigham, Albrecht & McMahon, attorneys), for Bankers Trust Company, respondent.

McNALLY, J. This proceeding was instituted by Bankers Trust Company, trustee, for a judicial settlement of its first and final account as trustee of an *inter vivos* trust created December 22, 1931, by Charles Hyde Pratt, who died testate on September 8, 1953, domiciled in Florida leaving a will which was duly admitted to probate in Orange County, Florida. At the time of the creation of the trust, Mr. Pratt resided in Reno, Nevada, and at no time thereafter was he a resident of or domiciled in the State of New York.

Helen Aubrey Pratt, widow of the testator, answered and asked for distribution of the trust fund to herself and her son, Robert Hyde Pratt, and denied that the will constituted a valid exercise of the testator's power of appointment.

Mary R. Cowell, guardian ad litem appointed to represent Robert Hyde Pratt, the testator's son, appeared and objected to the trustee's proposal to distribute one third of the trust fund to five charitable corporations named in the residuary clause of the will, on the grounds that the testator had not exercised his power of appointment under the law of Florida, and, even if the power had been exercised, it was invalid as to the charitable bequests. Mrs. Pratt amended her answer thereby making the same objections to the proposed distribu-

tion of the trust fund as had been made by the guardian ad litem.

The learned Special Term decided that the testator, by his will, intended to dispose of all his property, including the trust corpus, but, relying on *Matter of Pratt* (88 So. 2d 499 [Fla.]), held that the appointment to the corporations was invalid under Florida law.

By the order appealed from, Special Term allowed the guardian ad litem $3,000 for services, plus disbursements; allowed the attorneys for the five charitable corporations $1,000 each; and counsel for the trustee $1,500 as additional compensation, plus disbursements.

The charitable corporations appeal from that part of the order of Special Term directing the distribution of the balance of the trust fund to the widow and son and allowing $3,000 to the guardian ad litem. The widow and son cross-appeal from that part of the order allowing $5,000 to the charitable corporations for counsel fees and $1,500 to the trustee as additional compensation for its attorneys.

By the terms of the aforesaid trust, the testator transferred certain securities to the Bankers Trust Company, trustee, to hold and pay the income to him for life, and upon his death to distribute the principal and any income on hand or accrued to such person as he might by his will direct; but in the absence of any such disposition, to distribute the fund among Helen Aubrey Pratt and any children of Helen Aubrey Pratt living at his death, in equal shares.

The trust indenture contained the provision that all questions pertaining to its validity, construction and administration were to be determined in accordance with the laws of the State of New York.

Mr. Pratt died on September 8, 1953, three days after the execution of his will. He was survived by his wife Helen Aubrey Pratt, his son Robert Hyde Pratt, and two daughters by a prior marriage, Drusilla Pratt Gjoerloff and Martha Pratt Shermund.

Item III of the will of the testator provides as follows: "All the rest, residue and remainder of my property and estate, real and personal, wheresoever situate, whereof I may die seized or possessed or to which I may in any manner be entitled or over which I may have power of disposition at the time of my death, I direct that the same be divided into three (3) equal portions to be disposed of as follows".

Under subdivision A of Item III, the first equal portion of the residuary estate is bequeathed to the widow, Helen Aubrey

Pratt, absolutely. Under subdivision B, another equal third is bequeathed to the three children, Robert, Drusilla and Martha, in equal shares. Under subdivision C, the third equal portion is to be devoted first to the payment of two legacies of $500 each to Mrs. A. G. Wieland and Alexis Tellis, and the balance as follows:

" The balance of said third portion of my residuary estate remaining after the payments of the said legacies, I give, devise and bequeath absolutely and forever in equal shares to the following:

" NEW YORK INFIRMARY FOR WOMEN AND CHILDREN, of New York City.

"TUSKEGEE STATE NORMAL AND INDUSTRIAL INSTITUTE of Tuskegee, Alabama.

" BERKSHIRE INDUSTRIAL FARM OF CANAAN, Columbia County, New York.

" SEAMEN'S CHURCH INSTITUTE OF NEW YORK, located at 25 South Street, New York City, N. Y.

" THE CHILDREN'S HOME SOCIETY OF FLORIDA, Jacksonville, Florida.''

The trustee of the *inter vivos* trust initiated this accounting proceeding in the Supreme Court, New York County, and indicated it proposed to distribute one third of the trust fund to Helen Aubrey Pratt, one ninth each to Robert, Martha and Drusilla, $500 each to Alexis Tellis and Mrs. A. G. Wieland, and three fifteenths of the balance remaining, after the two payments of $500, to each of the five corporations named above.

After the commencement of this proceeding, the testator's widow and children instituted an action in the County Judge's Court of Orange County, Florida, to declare void the charitable testamentary bequests in the light of section 731.19 of Florida Statutes which provides such bequests are invalid unless made by a will executed at least six months prior to the death of the testator, if he leaves a spouse, children or lineal descendants. The Florida proceeding resulted in a decree declaring void the charitable bequests (*Matter of Pratt, supra*).

On this appeal the position of the testator's widow and son, as stated in their brief, is: " There is no quarrel on this appeal as to whether the donor-donee-testator disposed of his trust by will. It is conceded that he did so, as the Court below held.''

In respect of the trust property, the validity of the exercise of the power of appointment is governed by the laws of the State of New York. (Personal Property Law, § 12-a; *Matter of New York Life Ins. & Trust Co.*, 209 N. Y. 585; *City Bank Farmers Trust Co.* v. *Meyn*, 263 App. Div. 671; *Chase Nat.*

*Bank* v. *Central Hanover Bank,* 265 App. Div. 434, 438–441; *Matter of Harriman,* 124 Misc. 320, affd. 217 App. Div. 733; *Sewall* v. *Wilmer,* 132 Mass. 131.) *Matter of Pratt* (88 So. 2d 499 [Fla.], *supra*), construing the will here involved, passed on the applicability of a Florida mortmain statute to the charitable distributions made by this testator and does not purport to and does not determine the validity or effect of the exercise of the power of appointment as to the trust herein. (*Blount* v. *Walker,* 134 U. S. 607; *Matter of Harriman, supra.*)

That the donor was also the donee of the power of appointment and resided in the State of Florida at the time of his death are irrelevant on the question of conflict of laws. It is the intention of the settlor at the time of the creation of the trust which may be controlling on what law is to be applied to the trust. (*Chase Nat. Bank* v. *Central Hanover Bank, supra.*) In the cited case, the question presented was whether a power of appointment was validly exercised. The power was created in a separation agreement between New York residents, which designated a New York trustee and provided for the administration of the trust therein. The wife, donee of the power, exercised the power by a will executed in California. At page 441, this court said: " The mere circumstance that she [the wife-donee] might acquire a domicile elsewhere would seem hardly sufficient to warrant the implication that the parties intended that the construction of her testamentary dispositions exercising the power was to depend upon the accident of Mrs. Clark's domicile in the future."

We need not go beyond the four corners of the deed of trust in arriving at the intention of the settlor; it expressly provides that its validity, construction and administration shall be determined in accordance with the laws of the State of New York. The extrinsic facts and circumstances serve to confirm the expressed intention — the deed of trust was executed in New York; the trustee is a New York banking corporation, and accepted the trust in New York; the situs of the trust corpus was New York, and the trust was there administered. (See Personal Property Law, § 12-a.)

If we were required to decide whether by his Florida will the testator intended to exercise the power of appointment, the law of Florida would be a relevant consideration. (*Matter of Spitzmuller,* 279 App. Div. 233, affd. 304 N. Y. 608.) In *Spitzmuller,* the donor-donee executed a will in Italy, where he was then domiciled, which was silent as to the exercise of the power of appointment provided for in two *inter vivos* trusts for the benefit of his wife. Under the law of Italy, an affirma-

tive exercise of the power is necessary. Under the common-law rule a will so drawn does not constitute an exercise of the power. There the petitioner relied on the rebuttable presumption created by section 18 of the Personal Property Law of New York State. The trust indenture provided that it was to be '' governed, construed, interpreted and enforced according to the laws of the State of New York ''. This court there held (p. 241): '' The law of the testator's domicile, in the circumstances here, controls the interpretation and scope of the will.'' In the case at bar, no issue is raised as to the intention of the testator; it is conceded that he did exercise the power of appointment. What is to be determined is the validity of the exercise of the power, and, by the provisions of the trust agreement here involved and the weight of authority, that question is to be resolved by reference to the law of the State of New York.

*Maynard* v. *Farmers Loan & Trust Co.* (208 App. Div. 112, affd. 238 N. Y. 592) decided earlier than *Chase Nat. Bank* v. *Central Hanover Bank* (*supra*) is distinguishable. In the *Maynard* case, in passing on the validity of the exercise of a testamentary power of appointment created by a deed of trust controlled by Pennsylvania law, the court applied the law of New York where the donee resided at the time of her death. The holding is not significant in that the parties never raised the applicability of New York law but accepted same. In fact, the trial court in its opinion (119 Misc. 503, 504) held: '' As the other parties to this proceeding maintain that it is indifferent whether the law of New York or Pennsylvania be held to govern, I deal with the question as governed by the laws of New York.'' An examination of the record and points on the appeal to this court clearly show that the parties did not contend otherwise.

We hold that the power of appointment herein exercised, under the laws of the State of New York, effectively passed to the charities, appellants-respondents, one third of the trust corpus after payment of the legacies provided for in Paragraph C of Item III of the will of the testator.

Under the circumstances here present, the discretionary award of allowances to counsel and the guardian ad litem herein is proper. (*Matter of Matthews,* 280 App. Div. 23, affd. 305 N. Y. 605; *Schenectady Trust Co.* v. *Emmons,* 263 App. Div. 542; *Matter of Heller,* 10 Misc 2d 363.)

Accordingly, the final order appealed from should be modified on the law, and otherwise affirmed, with costs payable out of the trust estate to all parties filing briefs.

BREITEL, J. P., FRANK, STEVENS and BERGAN, JJ., concur.

Final order unanimously modified on the law, and otherwise affirmed, with costs payable out of the trust estate to all parties filing briefs.

Settle order.