Abraham J. Gellinoff, J.
This is a motion to construe a trust agreement and determine the rights of petitioner and others similarly situated.
The provision involved reads: “Upon the death of the survivor of the settlor and his said wife to pay out any balance of the trust estate remaining in their hands to the legal representatives of such survivor ” (italics by the court).
The court agrees with respondents’ construction that the trust instrument directed the balance of the trust estate on the death of the survivor of the settlor and his wife to be paid over to the executor or administrator of the survivor’s estate. Since it is conceivable that no executor or administrator might be appointed until after the passage of 21 years subsequent to the end of the second life estate (that of the survivor), this provision violated the rule against perpetuities and was void. The applicable statutes were, it is true, amended in 1960 to provide that ‘ ‘ Where the duration or vesting of an interest is conditioned upon the probate of a will, the appointment of an executor or trustee, * * * it shall be presumed that the person who created the interest intended that such contingency must occur, if at all, within twenty-one years from the effective date of the instrument” (Personal Property Law, § 11-b, subd. 4; Real Property Law, § 42-c, subd. 4). The amendments apply, how-over, only to instruments taking effect on and after April 12, 1960 (L. 1960, ch. 452, § 5), whereas the trust agreement here involved was made on May 31, 1938. The report of the Law Revision Commission to the State Legislature, which resulted *1096 in the adoption of the amendments, reads: ‘ Difficulties are also created where the vesting of an interest is made to depend in some manner upon an event, such as the probate of a will, or the settlement of an estate, or the determination of questions relating to estate taxes, which will ordinarily occur within a short period but is not of a kind ‘ certain ’ to occur within any specific time. Unless the will expresses a qualification that these contingencies are to be resolved, if at all, within a permissible measuring period, they invalidate the interests made to depend upon them ” (1960 Report, p. 299; italics added). The invalidity of the grant to the legal representatives of the survivor under the statutes in force prior to the 1960 amendments seems clear (to same effect, see Johnson v. Preston, 226 Ill. 447; Ryan v. Beshk, 339 Ill. 45). The principle that, when an executor or administrator is appointed his title relates back to the date of the death of the person whose estate is to be administered, does not affect the conclusion reached, for until his appointment there is no one in existence who could make a valid conveyance of the trust corpus.
Respondents rely on “ the cases cited in 40 McKinney’s Consolidated Laws, Part 1, Section 11, Note 72”. The first five cases discussed in said note did not involve the possibility of a remoteness in vesting beyond the period permitted by the rule against perpetuities. The other two cases involved charitable gifts to a corporation to be formed after the death of the testator. Such gifts had been held invalid prior to the enactment of chapter 701 of the Laws of 1893, which provided, in the case of charitable gifts, for immediate vesting of title in the Supreme Court if no trustee was named in the will in whom title would vest on the testator’s death (see discussion in Matter of Tower, 147 Misc. 773, 775, affd. 240 App. Div. 804). In Matter of Graves (171 N. Y. 40, 43) Judge Bartlett, writing for the Court of Appeals, said: “It was conceded that unless this statute [L. 1893, ch. 701] changed the law of the state in important particulars, the will of the testator, in so far as it sought to found a charity through a corporation to be formed * * * was void * * * 111 because it did not direct the formation of the corporation within two lives in being ” (italics supplied). It was only because the 1893 statute provided for the vesting of title in the Supreme Court on the testator’s death, in the event that the will did not name a trustee to execute the trust, that the charitable gift was held not to violate the rule against perpetuities. There could be no remoteness of vesting, for title would vest immediately on the testator’s death either in the trustee named in the will or in the Supreme Court. Section 12 of the Personal *1097 Property Law is derived from chapter 701 of the Laws of 1893 and likewise provides for vesting in the Supreme Court if no trustee be named in the instrument of gift. Cases involving charitable gifts to a corporation to be formed are, therefore, not in point here.
It follows that the principal of the trust, not being validly disposed of, reverted to the settlor and must be disposed of as part of his estate. Petitioner, as a distributee of the settlor, is entitled to share therein, the settlor having died intestate.
The motion is granted.