■ In the Matter of RICHARD G. ALEXANDER, a Distributee of EMIL LEVI, Deceased, on His Own Behalf and on Behalf of All Other Persons Similarly Situated, Respondent, v. RUTH W. DOLEN et al., as Trustees under a Trust Made by EMIL LEVI, Deceased, et al., Appellants.— The final order entered

November 1, 1966, unanimously modified, on the law, to the extent of adjudging that paragraph "First (c)" of the trust instrument, dated May 31, 1938, as construed, does not violate the Rule against Perpetuities, and as so modified, affirmed, with $50 costs and disbursements to all parties filing briefs, payable out of the trust estate. The trust instrument provides the income is to be applied to the support and maintenance of the settlor and his wife, and the survivor of them; and that the principal is to be paid to the survivor's legal representatives. The wife survived. She died testate on November 9, 1965. Her will, probated January 26, 1966, bequeaths the residue of her estate, including the trust fund, to various persons. The possibility that no executor or administrator of the estate of the deceased wife would be appointed within 21 years of her death does not operate to make applicable the Rule against Perpetuities. (*Hope* v. *Brewer*, 136 N. Y. 126, 135; *Beardsley* v. *Hotchkinss*, 96 N. Y. 201, 214; *Robert* v. *Corning*, 89 N. Y. 225, 238; *Manice* v. *Manice*, 43 N. Y. 303, 365; *Matter of Adler*, 193 Misc. 19, 23, 24; *Maynard* v. *Farmers' Loan & Trust Co.*, 119 Misc. 503, 505, mod. 208 App. Div. 112, affd. 238 N. Y. 592.) Subdivision 4 of section 11-b of the Personal Property Law, effective April 12, 1960 is largely a codification of the common law reflected in the cited authorities. Concur — Botein, P. J., Stevens, Capozzoli, McNally and Witmer, JJ.