In the Matter of the Petition of ELIZABETH COURTNEY, as Executrix, for the Construction of the Last Will and Testament of ESTELLA S. BRIGLIN, Deceased.

ELIZABETH COURTNEY, as Executrix, etc., Appellant; THE FIRST CHURCH OF CHRIST, SCIENTIST, OF BOSTON, MASS., and Another, Respondents.

Fourth Department, March 12, 1924.

**Wills — construction — bequest in trust to be delivered to church in named place, when it should be established, is valid — Personal Property Law, § 12, applied — trusts for charitable purposes construed liberally to sustain them.**

A bequest of a sum of money in trust, to be held and to be delivered to a specified church in a stated town when such church shall be established, for the purpose of aiding it in erecting a church building, is valid, since the gift is immediate, though the application thereof is deferred until the church is established, and, therefore, the gift does not offend section 12 of the Personal Property Law.

The courts are liberal in the construction of charitable gifts, and where one of two possible constructions, fairly within the rules of law, sustains the trust, and devotes the fund to purposes permitted by the law, that construction should be preferred.

APPEAL by Elizabeth Courtney, as executrix, etc., from a decree of the Surrogate's Court of the county of Steuben, entered in the office of said Surrogate's Court on the 3d day of November, 1919, in so far as it holds and determines that paragraph 2d of the will of Estella S. Briglin is a valid bequest.

*Fary B. Beecher,* for the appellant.

*Henry V. Pratt,* for the respondents.

*Francis C. Raines,* special guardian for Harry Courtney.

CROUCH, J.:

Estella S. Briglin died on the 1st day of December, 1918, survived only by a daughter, the petitioner herein, and leaving a will, the 2d paragraph of which reads as follows:

"*Second*. I bequeath the sum of $600 (six hundred dollars) to the treasurer of the First Church of Christ Scientist of Boston, Mass., the same to be held in trust and delivered to the trustees of First Church of Christ Scientist of Atlanta, N. Y., or society of the same when such church shall be established for aid in building a Christian Science church building in Atlanta, N. Y."

This appeal involves the construction of that paragraph.

The record shows that at the time of the death of the testatrix there was nothing that could be called an association or society of Christian Scientists in existence in Atlanta. At most, there were a few people who met together with some regularity for the purposes of their creed, and had informally designated one among them who should hold such small donations and contributions of money as might be collected.

The decree of the Surrogate's Court held that the gift in question was valid, and directed the executrix to pay the fund to the trustees of the church, provided it should be incorporated within fifteen months from the 23d of September, 1919. The church was so incorporated.

The gift is for a charitable use. (*Glover* v. *Baker*, 76 N. H. 393, 420.)

The sole question, therefore, is whether it is void for remoteness in the time of vesting; that is, whether the fact that the time when the gift was to take effect was not measured by two lives, but was left indefinite so as to take effect "when such church shall be established," renders it invalid.

It is unnecessary to repeat here the history of charitable trusts in this State, culminating in chapter 701 of the Laws of 1893 (as amd. by Laws of 1901, chap. 291), which is now embodied in section 12 of the Personal Property Law (as amd. by Laws of 1909, chap. 144, and Laws of 1911, chap. 220), and in section 113 of the Real Property Law (as amd. by Laws of 1909, chap. 144, and Laws of 1919, chap. 71). It has been many times told. (See *Allen* v. *Stevens*, 161 N. Y. 122; *Sherman* v. *Richmond Hose Co., No. 2*, 186 App. Div. 417; *Camp* v. *Presbyterian Society of Sackets Harbor*, 105 Misc. Rep. 139; *Matter of Potts*, 205 App. Div. 147; affd., 236 N. Y. 658.)

It is now settled that the law on the subject, as recognized in England prior to the Revolution, is in force in this State. (*Trustees of Sailors' Snug Harbor* v. *Carmody*, 211 N. Y. 286, 298.)

Under the English decisions on the question of remoteness, "the fact that the particular application of a charitable gift is indefinitely postponed, does not render the gift void where the gift, as distinguished from the application of it, is immediate." (4 Halsbury's Laws of England, 175.)

A clear and comprehensive statement of the law on the point here involved may be found in the recent case of *Matter of Potts* (*supra*). There the will directed the executors to organize a corporation as quickly as it could be done in accordance with the law, the purpose of which should be to construct, maintain and operate a hospital. The residuary estate was given to the executors in trust, to hold the same until the corporation should be organized, and thereupon to turn it over to the trustees of the corporation. The court held that the gift was immediate, and, therefore, escaped the rule against remoteness by the application of the *cy pres* doctrine.

Although the fact that the executors were themselves directed to form the corporation, and to act expeditiously, was apparently used as an argument to show that the gift was immediate, the omission of such a direction does not affect the result.

The gift here is unconditional and immediate; the time of its application, namely, "when such church shall be established," only, is indefinite. Under similar language gifts to charitable uses have frequently been sustained as not too remote. In *Ould* v. *Washington Hospital for Foundlings* (95 U. S. 303) there was a devise in trust of certain lots of ground to trustees to hold as and for a site for a hospital to be built and erected by any association, society or institution that might thereafter be incorporated, etc.

In *Almy* v. *Jones* (17 R. I. 265) there was a gift of a fund for an art institute in the city of Providence. The direction in the will was that "when the citizens of Providence shall have contributed funds necessary to found an institute worthy of the city for the promotion of art, then this sum, with accumulated interest, shall be permanently invested," and the annual interest used for the benefit of the institute for all time. In *Franklin* v. *Hastings* (253 Ill. 46) the executor was directed to hold the sum of $10,000, and "upon the organization of a regularly incorporated library association by the people of Lexington, Illinois," and "upon provision being made by the people of Lexington, Illinois, and such other persons as may desire, for a fund for the use of said Library Association, sufficient, together with the fund of $10,000 aforesaid, to properly establish and maintain said library," the said fund of $10,000 should be paid to the officers of said library. In *Chamber-*

33

*layne* v. *Brockett* (L. R. 8 Ch. 206) testatrix gave her residuary estate to trustees with a direction that when and so soon as land should at any time be given for the purpose, almshouses should be built, etc.

The courts are liberal in the construction of charitable gifts. Where one of two possible constructions, fairly within the rules of law, sustains the trust, and devotes the fund to purposes permitted by the law, that construction should be preferred. (*Matter of Robinson,* 203 N. Y. 380, 388.)

The use of the word " when " instead of " if " in the paragraph in question is not without significance, and indicates that testatrix had no doubt that the church would be established. She had been interested in and closely identified with Christian Science for many years, during all of which time the weekly meetings were held at her own home. She intended to devote this small sum unconditionally to the purpose mentioned and effect should be given to that intent.

The decree should be affirmed, with costs.

All concur, except CLARK, J., not voting.

Decree affirmed, with costs.