In the Matter of the Estate of GEORGE F. DEAN, Deceased.

Surrogate's Court, Westchester County, April 8, 1938.

*G. Vincent Dean* [*John Mack* of counsel], for James Dean, as sole surviving executor, etc., petitioner.

*David H. Moses*, special guardian.

*John J. Bennett, Jr., Attorney-General* [*David Moses, Assistant Attorney-General*, of counsel], for the State of New York.

MILLARD, S.   An application for instructions has been presented by James Dean, the sole surviving executor of the estate of George F. Dean, who died on March 26, 1919, a resident of Westchester county.   Decedent's will was admitted to probate on May 5, 1919, and letters testamentary were duly issued to James Dean, John Dean and Thomas Dean, the executors therein named.   Of these executors, James Dean is the only survivor.

The only question raised is as to the disposition of a fund created under paragraph " first " of the decedent's will, which reads as follows:

" *First*, after my lawful debts are paid, I give, devise and bequeath unto St. Joseph's Church, Millbrook, N. Y., the sum of Five Thousand Dollars, to be held by my executors in trust until such time as a parochial school in connection with said Church shall have been erected and opened, upon which event my executors shall pay the said legacy to said church as an endowment."

By a decree made herein on December 10, 1920, settling the accounts of the executors, they were directed to pay over to themselves as trustees the sum of $5,000 and retain the same for the benefit of St. Joseph's Church of Millbrook, N. Y.   In accordance with this decree, the executors deposited the fund in the Poughkeepsie Trust Company of Poughkeepsie, N. Y., where it now remains with accumulated interest, totaling in all the sum of $9,668.27 on October 1, 1937.

It appears from the testimony that no parochial school has ever been constructed by St. Joseph's Church of Millbrook, N. Y., nor is one now in contemplation. This gives rise to the question of whether the fund in question shall revert and pass under the residuary clause of the decedent's will, or whether the court will apply the *cy pres* doctrine in order to carry out the intention of the testator.

Decedent was a Catholic priest and was born at Millbrook, N. Y. The petitioner, his brother, testified that decedent was very much interested in the welfare of St. Joseph's Church during his lifetime. It further appears from the testimony that the relationship and spirit of co-operation existing between the various religious denominations in Millbrook, N. Y., approaches a state of Utopia. By agreement between the churches, classes for religious instruction are held in the public school at specified times under the direction of the different denominations. This fact obviates, to some extent, the necessity for a separate Catholic parochial school in the community. In fact, it was said that such a departure from the present mode of procedure might tend to destroy the splendid co-operative spiritual endeavor now in force. In view of the troubled times through which we are now passing, such a disruption would indeed be unfortunate. There was further testimony to the effect that such a project would be impracticable, due to the large expense involved, coupled with the fact that the parish of St. Joseph's Church is comparatively small.

The bequest under paragraph " first " of decedent's will is charitable in nature, within the meaning of section 12 of the Personal Property Law. The courts of this State have always striven to enforce such a gift so that the intention of the testator will not be frustrated. The courts are liberal in the construction of charitable gifts. Where the attempt to create a trust is susceptible to more than one construction, that construction which fairly, within the rules of law, sustains the trust and devotes the fund included therein to purposes permitted by law should be preferred. (*Matter of Robinson*, 203 N. Y. 380, 388.)

Undoubtedly the bequest under consideration does suspend the power of alienation for a period not measured by lives in being. There is, however, an immediate vesting of the gift subject only to the postponement of beneficial enjoyment. In such cases it has been held that the illegal direction may be deleted. The gift is not invalidated by reason of its remoteness. (*Matter of Hitchcock*, 222 N. Y. 57.) The court said in *Matter of Briglin* (208 App. Div. 511, at p. 513): " The gift here is unconditional and immediate;

the time of its application, namely, 'when such church shall be established,' only, is indefinite. Under similar language gifts to charitable uses have frequently been sustained as not too remote." (See, also, *Matter of Potts*, 205 App. Div. 147.)

Under all the circumstances, it seems clear that decedent intended the St. Joseph's Church to have the gift in any event. His wishes should be respected and his purpose put into effect in so far as is possible to do so, but in so doing a sensible and businesslike view must be taken of the surrounding circumstances. This court, even in the exercise of its equitable powers, must necessarily hesitate to disregard the directions or wishes of the founder of a trust and instead, substitute a different testamentary scheme than that prescribed by the donor. However, if upon changing conditions, it is clearly established by the evidence that it would be impractical to carry into effect the specific directions of the donor and it be shown that the fund can be applied beneficially to similar purposes, the *cy pres* rule should be enforced. Thus the gift may be sustained upon both grounds. The inadequacy of a fund to carry out the purpose of a testator does not destroy its validity but may tend to justify a change in the precise purpose designated by him. (*Matter of MacDowell*, 217 N. Y. 454; *Trustees of Sailors' Snug Harbor* v. *Carmody*, 211 id. 286.)

In my opinion the case at bar is one wherein the doctrine of *cy pres* may equitably be applied. Petitioner is, therefore, instructed to pay over the gift of $5,000 bequeathed in paragraph " first " of decedent's will, together with all the accumulated interest, to St. Joseph's Church of Millbrook, N. Y., or the person or persons in charge of that institution, and I direct that this fund be applied by them in their discretion for purposes which shall as nearly as possible carry out the intention of the testator.

Submit decree.