In the Matter of the Accounting of the ROCHESTER TRUST AND
 SAFE DEPOSIT COMPANY, as Executor of HARRY MERRITT,
 Deceased, Respondent. HERBERT MERRITT et al., Appellants;
 NORTH BRADLEY BAPTIST CHURCH, Respondent.

Fourth Department, December 31, 1947.

*MacFarlane, Harris & Goldman* for appellants.

*Glenn L. Buck* for petitioner-respondent.

*Remington, Gifford & Willey* for respondent, North Bradley Baptist Church.

McCURN, J. The testator, a resident of this State, left his entire estate to his executor in trust, his wife to receive the income for life, and upon her death various devises and bequests were to take effect. This appeal involves the validity of that part of the residuary clause reading as follows: "(h) Upon the death of my said wife, or in the event that she shall predecease me, I hereby give, devise and bequeath all the rest residue and remainder of my property, both real and personal, to the North Bradley Baptist Church, North Bradley, Wiltshire, England, as a building fund toward the erection of a new chapel which shall commemorate the memory of my father and mother, George Merritt and Eliza Merritt." The testator died less than six months after the execution of this will. In the meantime his wife had predeceased him.

The value of the residuary estate, which consists of personal property except for a small parcel of land which is to be sold, has been computed as exceeding $50,000. The residuary legatee is an unincorporated religious association located in North Bradley, Wiltshire, England, maintaining a church which the testator attended in his childhood. It has authorized two of its trustees to accept the legacy.

Several of the distributees made answer to the petition for judicial settlement in which answer they denied the capacity of the North Bradley Baptist Church to take the residuary or any part thereof as provided in subdivision " h " of the residuary clause, and asked that such clause be construed as invalid so that the said residue would pass to the heirs at law, next of kin and distributees of the decedent. They attack the validity of the gift to the church on several grounds: (1) that the church is unincorporated and therefore incompetent to take or hold property by bequest or devise, (2) that the gift is direct and the cy pres doctrine cannot apply, (3) that there is no proof the church is capable of taking property under the law of England, and (4) that the devise and bequest is void under the English statute known as the Mortmain and Charitable Uses Act. The Surrogate resolved each of these questions in favor of the church. The contesting distributees appeal.

The fact that there is included in the gift a small parcel of real estate does not, in our opinion, affect the validity of the gift. The will empowers the executor and trustee to sell and convey real estate for the purpose of carrying out the provisions of the will. The rule is that "When a will expressly confers power upon the executors to convert real estate into money, and it is evident that the testator contemplated that it must be done for the purpose of carrying the will into effect, and it appearing that in no other way can the intent of the testator be effectuated, the realty will be deemed to have been converted into personalty" (*Fraser* v. *Trustees, etc., United Presbyterian Church,* 124 N. Y. 479, 485). While he includes the word "devise" in directing this gift, the testator nevertheless later speaks of the resulting "building fund." We think that an equitable conversion has resulted here and that we may consider the legacy as one of personal property.

We also construe the gift as a bequest for charitable uses (*Matter of Briglin,* 208 App. Div. 511). There is an absolute restriction on the purposes for which the gift may be used and that restriction is charitable in nature. In effect, the legacy is a direct gift limited to a charitable use (*Matter of Griffin,* 167 N. Y. 71; *St. Joseph's Hospital* v. *Bennett,* 281 N. Y. 115).

Where there is a gift of this nature to a foreign charity we are concerned with but two inquiries: "First, whether all the forms and requisites necessary to constitute a valid testamentary instrument, under our law, have been complied with; and second, whether the foreign trustees are competent to take the gift, for the purposes expressed, and to administer the trust under the laws of the country where the gift was to take effect * * *" (*Hope* v. *Brewer,* 136 N. Y. 126, 138). While the disposition by will of personal property is governed by the law of domicile (*Cross* v. *U. S. Trust Co.,* 131 N. Y. 330), the lawfulness of purposes, or the power to take the bequest, is governed by the law where the purpose is to be performed or where the donee resides (*Mount* v. *Tuttle,* 183 N. Y. 358). In the case of a trust, our law will apply if the corpus is to be held in this State (*Matter of Miller,* 149 App. Div. 113), but if the trustees are to be foreign, then the foreign law will apply (*Congregational Unitarian Soc.* v. *Hale,* 29 App. Div. 396).

In New York State, an unincorporated association may be incompetent to take or hold property by bequest (*Mount* v. *Tuttle,* 183 N. Y. 358) but the test, in the present case, is not our law but the law where the donee association resides (*Matter of Idem,* 256 App. Div. 124, affd. 280 N. Y. 756). Under the

law of England the gift, being charitable in nature, will be valid even though it is made to an unincorporated association (*In Re Price,* [1943] Ch. 422). Gifts for the benefit of churches, including gifts for buildings, are charitable under the law of England (4 Halsbury's Laws of England [2d ed.], p. 132; *Kerr* v. *Bradley,* [1923] 1 Ch. 243). "The fact that the particular application of * * * [the] gift is indefinitely postponed does not render the gift void where the gift, as distinguished from the application of it, is immediate." (4 Halsbury's Laws of England [2d ed.], p. 203.)

It is urged that the bequest is nevertheless void because it offends the English Mortmain and Charitable Uses Act of 1888 (51 & 52 Vict., ch. 42). This act, as applied to wills, has in effect been repealed by the act of 1891 (54 & 55 Vict., ch. 73), so that now under the English Law both real property and personal property may be given to charity (See 4 Halsbury's Laws of England [2d ed.], p. 138; 1 Jarman on Wills [6th ed.], p. 249; and *Forbes* v. *Hume,* [1895] 1 Ch. 422). This is subject to the requirement that if land is given it must be sold within a reasonable time. That problem does not arise here for the gift, as we have already determined, consists of personalty.

Where, as in this case, it appears from the testator's language that he had a particular charitable object in view and none other, it becomes important to discover whether or not the particular object specified by the testator is practical or possible of accomplishment (See *Saltzman* v. *Greene,* 256 N. Y. 636; *Teele* v. *Bishop of Derry,* 168 Mass. 341; 4 Halsbury's Laws of England [2d ed.], pp. 221–230; 1 Jarman on Wills [6th ed.], p. 236 *et seq.*; *Camp* v. *Presbyterian Soc'y of Sackets Harbor,* 105 Misc. 139, 146). It did not clearly appear from the record submitted to us in the first instance whether it is practical or possible to carry out the testator's intention that the gift be used " as a building fund toward the erection of a new chapel which shall commemorate the memory of my father and mother, George Merritt and Eliza Merritt." We therefore directed the taking of additional proof of the facts upon which a determination could be made as to whether the particular mode of application of the gift as directed by the testator is practical and possible of accomplishment. (*Matter of Merritt,* 270 App. Div. 1069).

The supplemental record now before us discloses that the church is still a going institution; that its church building is in active use and that a building fund has already been started for the erection of a new chapel. The church has an active

membership and is affiliated with parent Baptist bodies, and its officers are anxious to erect the new chapel and expand the parish facilities and activities. Under such circumstances the conclusion is obvious and the Surrogate correctly determined that the particular mode of the application of the gift is both practical and possible of accomplishment.

We conclude that the will is a valid testamentary instrument under the laws of this State; that the gift in question is one of personalty for a religious and hence charitable use; that the capacity of the donee to take is not impaired under the laws of England even though the donee be an unincorporated association; that the Mortmain and Charitable Uses Act of England is not an obstacle to carrying out the testator's intention; and that it is possible and practical to administer the gift in accordance with the expressed intent of the testator.

The decree appealed from should, therefore, be affirmed, with costs to all parties filing briefs payable out of the estate.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, McCURN, and LARKIN, JJ.

Decree so far as appealed from affirmed, with costs to all parties filing briefs payable out of the estate.