In the Matter of the Accounting of HARLAN BRODLEY et al., as Executors of SAM COHEN, Deceased.

Surrogate's Court, New York County, February 27, 1950.

*Morris Goldstein* for executors, petitioners.

*Sadie Baris Tursk* for Freda Reiss and another, respondents.

*Philip Novick* for Bialystoker Home for the Aged, respondent.

*Isabel Joffe,* special guardian for Judith J. Murphy, an infant, respondent.

*Nathaniel L. Goldstein, Attorney-General (Corning G. Mc-Kennee* of counsel), in his statutory capacity under section 12 of the Personal Property Law and section 113 of the Real Property Law.

COLLINS, S. In connection with their final accounting the executors request a construction of certain paragraphs of the will and codicil of the decedent. The court holds that under paragraph eleventh of the will and article third of the codicil, Isidore Levy is entitled to receive a legacy of $500. Either his promissory note was paid during the lifetime of the decedent or it is forgiven by the provision in the will. The legacy in the codicil is therefore payable to him.

In paragraph fifteenth of his will decedent gave a legacy to the Harlem Hebrew Day and Night Nursery on condition that

it endow a bed in his memory and place a suitable inscription thereon. That organization has sold the building which it was operating and does not maintain any building at the present time. The court holds that the condition attached to the gift has not been complied with and it therefore becomes part of the residuary estate.

In paragraph twentieth of his will the decedent gave $1,000 to his executors or trustees in trust and provided that if within five years after his death " The Brisker Relief for Hebrew Aged, Inc., shall maintain and operate a building in the City of New York, as a home for aged people, or as a home for orphans," then the same is to be paid to it. Decedent further conditioned the gift by directing that the institution shall inscribe his name on a tablet or suitable memorial and name one of the rooms in his memory. If the organization shall not so maintain a building within the prescribed time and accept the gift, the money is to be divided among all the legatees then living who are mentioned in his will pro rata in proportion to the amount bequeathed to each legatee. The organization did not maintain such a home at the time of decedent's death on April 9, 1948, and does not conduct one at the present time.

The legacy is clearly for a charitable purpose and should be sustained, if possible. The court accordingly holds that the gift is not invalid because of remoteness of vesting (*Matter of Potts,* 205 App. Div. 147, affd. 236 N. Y. 658; *Matter of Briglin,* 208 App. Div. 511; *Matter of Dean,* 167 Misc. 238). There is an immediate vesting in the trustees subject only to the postponement of the beneficial enjoyment. This will is distinguishable from that considered in *Matter of Roe* (281 N. Y. 541) because herein the primary intention of the decedent is to benefit the charitable organization and if that is found to be impossible then to divide the gift among the other legatees named in the will. The court directs that the executors pay the amount to the trustees who will hold it until the conditions are complied with by the charitable legatee or the period for so doing has expired.

Decedent made a bequest to Fanny Cohen, his sister-in-law, in paragraph fourth of the codicil. Fanny Cohen predeceased the decedent. Her daughters now claim the legacy. Their contention is overruled. Fanny Cohen being a sister-in-law is not within the prescribed relationship set forth in section 29 of the Decedent Estate Law (*Matter of Tamargo,* 220 N. Y. 225). This legacy has lapsed and becomes part of the residuary

estate. The compensation of the attorney for the executors is allowed in the amount requested but shall be inclusive of his disbursements.

Submit decree on notice construing the will and settling the account accordingly.