In the Matter of the Accounting of NEW YORK LIFE INSURANCE AND TRUST COMPANY, as Executor of EDWIN C. PHILBRICK, Deceased, for the Proceedings of Said EDWIN C. PHILBRICK, as Substituted Trustee of a Trust Created by the Will of ADOLPH HALLGARTEN, Deceased.

ELEANOR VON KOPPENFELS, Appellant; LEOPOLDO FRANCHETTI et al., Respondents.

Will — when question as to exercise of power of appointment by non-resident decedent must be governed by law of this state.

The construction and effect of the will of a non-resident decedent in so far as it involved an exercise of a power of appointment conferred by the will of her father, a resident of this state in his lifetime, and involving property situated in this state, is governed by the law of this state, the domicile of the donor of the power and the situs of the property. (*Sewall* v. *Wilmer*, 132 Mass. 131, followed.)

*Matter of N. Y. Life Ins. & Trust Co.*, 157 App. Div. 916, affirmed.

(Argued October 21, 1913; decided November 18, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

June 20, 1913, which affirmed a decree of the New York County Surrogate's Court determining that the will of Alice H. Franchetti is a valid execution of a power conferred by the will of Adolph Hallgarten to direct the disposition after her death of one-half of the share held in trust for her during her life under the terms of said will.

*Allen S. Wrenn* for appellant.

*Benjamin N. Cardozo* for respondents.

*Per Curiam.* The learned and exhaustive opinion of Surrogate Fowler makes it unnecessary for us to discuss at length the important and interesting question involved in this case. We regard his reasoning as sound, but prefer to put our decision squarely on the ground that the construction and effect of the will of Madame Franchetti, in so far as it involved an exercise of the power of appointment conferred by the will of her father, is governed by the law of this state, the domicile of the donor of the power, and the situs of the property. The learned surrogate was able to find as a fact that she intended her will in that respect to be construed according to the law of this state and so did not consider it necessary to determine whether as matter of law such an intent would be presumed. We adopt the rule applied in Massachusetts and concur in the reasoning of Chief Justice Gray in support of it in *Sewall* v. *Wilmer* (132 Mass. 131).

The order should be affirmed, with costs.

Cullen, Ch. J., Gray, Werner, Collin, Cuddeback, Hogan and Miller, JJ., concur.

Order affirmed.