CITY BANK FARMERS TRUST COMPANY, as Trustee under the Agreement Dated June 15, 1927, Made with HEINRICH MEYN, Now Deceased, Respondent, *v.* HEINRICH MEYN, an Infant, by ELVIN N. EDWARDS, His Guardian ad Litem, Appellant, and UNION TRUST COMPANY OF THE DISTRICT OF COLUMBIA, as Executor of and Trustee under the Last Will and Testament of THUSNELDA MEYN VAN VALKENBURG, Deceased, Respondent.

Second Department, April 20, 1942.

*Joseph Trachtman* [*Elvin N. Edwards* and *Aaron B. Cohen* with him on the brief], for the appellant.

*Enos Throop Geer* [*Frederic E. Mygatt, Jr.*, and *Perry D. Trafford* with him on the brief], for the defendant, respondent.

PER CURIAM. Appeal from a judgment of the Supreme Court in an action to settle the accounts of a trustee of an *inter vivos* trust and for instructions as to the distribution of the trust fund. The trust indenture, disposing of personal property located in this State, was executed therein to a trustee residing therein by a resident of the District of Columbia, with a power of appointment in a resident of that District.

The appeal involves the validity of the appointment made by a donee of the power of appointment. The answer depends upon the law applicable to the exercise of the power. If the power was to be exercised according to the laws of the District of Columbia, it was validly exercised; if according to the laws of New York,

it was not validly exercised. The Special Term has found that it was validly exercised.

Where the exercise of a power is granted by will, it seems that the validity of the appointment is determined by the law of the residence of the donor whose property is being disposed of by the appointment, unless the language of the will indicates otherwise. (*Matter of Harriman*, 124 Misc. 320; *Matter of Trotter*, 175 id. 356.) In *Matter of New York Life Ins. & Trust Co.* (209 N. Y. 585) it was held that the construction and effect of the will of the donee, in so far as it involved the exercise of the power of appointment conferred by the will of the donee's father, was governed by the law of this State, the domicile of the donor of the power and the situs of the property. In *Matter of Harriman* (*supra*), which involved a power under a will, Surrogate FOLEY included within the rule stated a power of appointment exercised by deed as well as by will. In the Restatement of the Law, Conflict of Laws (§ 284), the following appears: " (1) The creation *inter vivos* of a power to appoint chattels is determined by the law of the State in which the chattels are at the time of the creation of the power. (2) The creation by will of a power to appoint chattels or other movables is determined by the law of the domicil of the testator." It is settled law by *Hutchison* v. *Ross* (262 N. Y. 381), referring to section 12-a of the Personal Property Law, and *Shannon* v. *Irving Trust Co.* (275 N. Y. 95), that the legality of a trust, created by a non-resident, of securities located in New York, is to be determined by the laws of this State, where it is declared in the instrument creating the trust that it shall be construed and regulated by the laws of this State. The same rule should be applied to a trust *inter vivos* and the power of appointment thereunder.

Paragraph " 14 " of the trust indenture provides: " The provisions of this agreement shall be construed, and its operation and effect regulated, by the laws of the State of New York." This is a concise, clear, unequivocal statement of the settlor's intention that the law of this State was to be applied to all of the provisions of the trust agreement. The power of appointment was part of the agreement. It was the conduit through which the property of the donor was to be disposed of after the death of his sister. In *Sewall* v. *Wilmer* (132 Mass. 131, 136), cited in *Matter of New York Life Ins. & Trust Co.* (*supra*), the court say: " * * * the property of which Mrs. Wilmer has a power of appointment is not her property, but the property of her father; and the instrument executed by her takes effect, not as a disposition of her own property, but as an appointment of property of her father under the power conferred upon her by his will."

The use of the words "in trust," which was one of the ways by which the appointed property might be disposed of by the donee, does not run counter to or impair the unequivocal statement of the settlor that the agreement, which includes the exercise of the power, should be construed according to the laws of this State. Nor does the reference to the laws of the State or country of which the donee may be a resident at the time of her death have any reference whatsoever to the laws which should be applied in determining the validity of the exercise of the power. It merely required that the appointment be made by a will which would be admissible to probate in the State or country of which the donee might be a resident at the time of her death.

It must, therefore, be held that the appointment was invalid and the fund must go, in that event, as provided in the trust indenture.

However, the court is of the opinion that there should be a marshaling of assets here under the authority of *Fargo* v. *Squiers* (154 N. Y. 250), the principle of which has been confirmed in *Farmers' Loan & Trust Co.* v. *Kip* (192 N. Y. 266) and *Low* v. *Bankers Trust Co.* (270 id. 143). In view of the fact that the donee when she died had only a little over $8,000 in her estate (omitting a power of appointment under the will of one Bunker, deceased, which has no present available use) to apply to debts, expenses, legacies and commissions, which are stated in the accounting to amount to $25,276.63, these items, to the extent that they are proper, should be allowed out of the appointive estate.

In determining the amount of expense to be paid out of the appointive estate, the court is of the opinion that the allowance of $4,000 to Hamilton & Hamilton, and Iselin, Riggs, Ferris & Mygatt, in view of the other allowance herein, is excessive, and it will be allowed at $2,000.

The allowance to the Union Trust Company of the District of Columbia, as executor and trustee under the last will and testament of the donee, is excessive and cannot be allowed under section 1514 of the Civil Practice Act. (See *Warren* v. *Warren*, 203 N. Y. 250.) It is, therefore, fixed at $2,000.

The provisions of section 1514 of the Civil Practice Act do not apply to a guardian *ad litem*, who is not a party. (*Weed* v. *Paine*, 31 Hun, 10, First Dept.) Therefore, the allowance to the guardian *ad litem*, as fixed, is affirmed and an allowance on this appeal is made to him in the sum of $500, upon the filing of the affidavit required by rule 43 of the Rules of Civil Practice.

The judgment should be modified on the law and the facts as follows: (1) by striking from paragraph " 9 " the figures " $5,000 "

and substituting therefor the figures " $2,000;" (2) by striking out paragraphs " 11," " 12," and " 14;" (3) by adding a direction that there be paid to the Union Trust Company of the District of Columbia, as trustee under the last will and testament of Thusnelda Meyn van Valkenburg, deceased, the sum of $23,276.63, consisting of administration expenses, debts, funeral expenses and costs of last illness, executor's commission, estate and inheritance taxes, general legacies, interest on general legacies, attorneys' fees as herein allowed, and miscellaneous expenses; (4) by adding a direction that the balance of the principal so found, together with the balance of income mentioned in paragraph " 14," be deposited in court to the credit of the infant Heinrich Meyn, by Elvin N. Edwards, his guardian *ad litem*, subject to the further order of the court and subject to the allowance of the said guardian *ad litem* and costs hereinafter mentioned. As so modified, the judgment should be affirmed, with costs to appellant, together with an extra allowance of $500 to the guardian *ad litem* on this appeal, provided the affidavit required by rule 43 of the Rules of Civil Practice be filed. The costs to appellant on the appeal and the extra allowance of $500 to the guardian *ad litem* are both to be charged against the appointive estate.

Findings of fact and conclusions of law inconsistent herewith should be reversed and new findings and conclusions should be made.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Judgment, in so far as appealed from, modified on the law and the facts in accordance with opinion *per curiam*, and, as thus modified, unanimously affirmed, with costs to appellant, and an allowance of $500 on this appeal to the guardian *ad litem*, provided the affidavit required by rule 43 of the Rules of Civil Practice be filed, said costs and said extra allowance to be charged against the appointive estate. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

Settle order on two days' notice.