In the Matter of the Will of MARCUS BRUCKHEIMER, Deceased. RUTH B. OPPENHEIMER, Appellant; MILTON BRUCKHEIMER et al., Respondents.

Argued January 8, 1945; decided February 21, 1945.

*Walter M. Weis* and *Seymour J. Wilner* for appellant.  I. That it was the testamentary intent to create a trust measured by

at least three lives is obvious both from the particularly expressed provisions and from a consideration of the will in its entirety. Testator's intent must prevail over all other canons of construction. (*Matter of Clark,* 280 N. Y. 155; *Matter of Roth,* 291 N. Y. 1; *Matter of Durant,* 231 N. Y. 41; *Matter of Winburn,* 265 N. Y. 366; *Herzog* v. *Title Gurantee & Trust Co.,* 177 N. Y. 86; *Central Trust Co.* v. *Egleston,* 185 N. Y. 23; *Matter of Watson,* 262 N. Y. 284.) II. In any event there must be a reversal of that part of the decree which directs preservation of the residence for the widow's life without limitation to the duration of the trust. Decedent's residence is part of the residuary estate and therefore is in the corpus of the trust. The decree provides: " that as long as the respondent Lillie Bruckheimer occupies the decedent's residence at Torrence Place, Scarsdale, Westchester County, New York, or during her lifetime the expenses incurred in preserving the said home, such as mortgage interest, taxes, repairs, insurance and other fixed charges, shall be paid out of the principal of the trust." III. Even if it be held that testator created a valid trust it was error to direct that maintenance charges of the residence should be paid out of principal. (*Matter of Albertson et al.,* 113 N. Y. 434; *Spencer* v. *Spencer,* 219 N. Y. 459; *Matter of Satterwhite,* 262 N. Y. 339; *Matter of Ely,* 249 App. Div. 8, 274 N. Y. 501.)

*Bradford Butler* and *Morris Metz* for Morris Metz, as executor and trustee of Marcus Bruckheimer, deceased, respondent. I. Testator erected a trust expressly measured by the lives of two of his grandchildren with a provision for prior termination in certain specified contingencies. (*Bailey* v. *Bailey et al.,* 97 N. Y. 460; *Crooke et al.,* v. *County of Kings,* 97 N. Y. 421; *Gilman* v. *Reddington et al.,* 24 N. Y. 9; *Matter of Murphy,* 213 App. Div. 319; *Stewart* v. *Stewart,* 205 App. Div. 587; *Woodgate et al.,* v. *Fleet et al.,* 64 N. Y. 566; *Schermerhorn et al.,* v. *Cotting,* 131 N. Y. 48.) II. The directions of subdivision " A " of paragraph " Fifth " of the will are not reasonably capable of interpretation as adding a third measuring life to the duration of the trust. III. The second sentences of subdivisions " B 9 " and " C 8 " of paragraph " Fifth " of the will cannot be interpreted as varying the express directions respecting the period of duration of the trust. (*Hatch* v. *Bassett,* 52 N. Y. 359;

*Jennings* v. *Conboy*, 73 N. Y. 230; *Locke et al.*, v. *F. L. & T. Co. et al.*, 140 N. Y. 135; *Matter of Forde*, 286 N. Y. 125; *Matter of Ingersoll*, 95 App. Div. 211; *Woodside Presbyterian Church* v. *Burden*, 240 App. Div. 43; *Matter of Franze*, 251 App. Div. 837; *Matter of Corlies*, 150 Misc. 596, 242 App. Div. 703; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127; *Matter of Gallien*, 247 N. Y. 195; *Matter of Rooker*, 248 N. Y. 361; *Matter of Breedon*, 259 App. Div. 422; *Matter of Tod*, 260 App. Div. 627; *Matter of Winburn*, 265 N. Y. 366.) IV. The determination of the Surrogate and the majority of the Appellate Division concerning the duties of the fiduciaries respecting the family residence was correct. (*Matter of Burton*, 143 Misc. 440; *Matter of Albertson et al.*, 113 N. Y. 434; *Matter of Ely*, 249 App. Div. 8, 274 N. Y. 501; *Adams* v. *Massey*, 184 N. Y. 62; *Fleischman* v. *Furgueson*, 223 N. Y. 235.)

*Lillie Bruckheimer,* respondent in person.

*Per Curiam.* In unequivocal language the testator bequeathed his residuary estate to trustees " in trust  *  *  *  during the lives " of his two grandchildren. The testator's directions to the trustees to apply the income of the estate to the support of the testator's wife " during her lifetime " and to preserve his home for the use of his wife " as long as she lives " and the testator's failure to make any express provisions for the contingency that his wife might survive her two grandchildren may indicate that the testator did not regard that contingency as substantial, but do not indicate that the testator intended to extend the duration of the trust beyond the limits unequivocally fixed by the testator. By necessary implication the testator's directions to the trustees are limited to the period of the trust created by the testator and the provisions of the decree construing such directions must also be so read. We have examined the other contentions of the appellant and agree with the disposition made by the courts below.

The order should be affirmed, with costs payable out of the estate to the appellant and the respondent trustees.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Order affirmed, etc.