Jomsr L. Flyee, J.
In this proceeding pursuant to article 79 of the Civil Practice Act for the judicial settlement of the account of proceedings of a trustee, direction of the court is sought as to the disposition of the trust principal. This involves construction of the trust instrument and of the validity and exercise of a power of appointment therein contained.
On October 4, 1912, Mary Grace Meissner, a citizen of the United States, domiciled in the State of New York, entered into an indenture of trust with Bankers Trust Company in the city of New York, under the terms of which certain securities were turned over to the trustee. The trust required payment of income to the grantor for her life, and on her death payment of the principal as follows: ‘ ‘ Upon the death of the grantor to assign, transfer and deliver in fee simple and absolutely all and singular the said property with all gains and increase thereof and all securities, investments and money into which the same may there have been converted, unto such person or persons and in such shares and proportions as the grantor shall in and by her duly executed and probated Last Will and Testament direct and appoint; and in default of such appointment, to the executor, or executors, administrator or administrators of the estate of the grantor, in his or their capacity as such.” Subsequently the grantor was married to Gustav de von der Hellen, a citizen and domiciliary of Argentina, and the couple thereafter took up residence in Argentina, the grantor becoming a naturalized Argentinian citizen.
The grantor died on November 28, 1955, leaving a last will and testament executed by her in Argentina, Avherein she appointed her husband, the respondent Gustav de von der Hellen, her sole heir and entitled to all her assets. The will proAdded ;
‘ ‘ FOURTH: She declares that her assets will result from her papers, which are knovm to her husband.
‘ ‘ FIFTH: She declares that she has no compulsory heirs and that because of the love she has for her husband, she institutes and appoints him, the said Gustav von der Hellen, the onlv and universal heir of all the assets she now possesses *929 or hereafter may acquire in this Republic or abroad, in order that after her death he may enjoy them as best he may think fit.”
There were no children and the parents of the testatrix were dead. The will was offered for probate in Argentina, where it was duly declared to have been validly executed, and the husband, Gustav de von der ITellon, was declared to be sole heir and appointed executor in Argentina. Ancillary letters of administration with the will annexed on the estate of the grantor were thereafter issued to the respondent, Hans H. A. Meyn, in the Surrogate’s Court, New York County.
The trust having terminated upon the death of the grantor, controversy has arisen as to the disposition of the principal of the trust. The testatrix’ husband contends that notwithstanding that the will made no specific reference to any exercise of the power of appointment possessed by his wife under the indenture of trust, nevertheless the law to be applied in construing the effectiveness of the exercise of the power is that of New York, and under that law it must be presumed the testatrix intended to exercise the power in her husband’s favor when she left him all of her assets. On the other hand, the ancillary administrator argues that the law to be applied is that of Argentina and therefore it must be held that the power was not effectively exercised. As a consequence, contends the ancillary. administrator, the trust principal became a part of the residuary estate to be transmitted in the first instance to the ancillary administrator.
The law of the domicile of the donor of the power must control the validity and effect to be given to an exercise of the power by the donee. (Matter of New York Life Ins. & Trust Co., 139 N. Y. S. 695, affd. 157 App. Div. 916, affd. 209 N. Y. 585; City Bank Farmers Trust Co. v. Meyn, 263 App. Div. 671; Matter of Dean, 155 N. Y. S. 2d 410, affd. 3 A D 2d 914; Matter of Peet, 155 N. Y. S. 2d 531; Matter of Walbridge, 178 Misc. 32; Matter of Holtorf, 117 N. Y. S. 2d 804.) The exercise of the power must be read into the instrument ‘1 by which the power was created and the validity of the gift determined as if the provision thus incorporated had been there from the beginning ” (Bishop v. Bishop, 257 N. Y. 40, 51).
The trust was created in New York by a domiciliary of New York and administered in New York. The validity and effect of the exercise of the power of appointment must therefore be determined according to the laws of the State of New York. Section 18 of the Personal Property Law of the State of New York provides: “Personal property embraced in a power to *930 bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication.” True it is that whether the will did or did not exercise a power of appointment is fundamentally one of intention. (Matter of Spitzmuller, 279 App. Div. 233, affd. 304 N. Y. 608.) At common law there was no presumption of intention. By statute the court is now required to presume an intention to exercise the power where the will passes all of the personal property, unless an intent to the contrary shall appear (Matter of Smith, 279 App. Div. 140, affd. 304 N. Y. 612). Here there is no evidence to indicate a contrary intention, nor does Matter of Spitzmuller (supra) support the ancillary administrator. There was no claim in that case ‘ ‘ that Otis was ever a resident of this State ” (p. 240). Accordingly, the court holds that the power of appointment was effectively exercised and the trustee is directed to transmit the principal of the trust to the respondent Gustav de von der Hellen as appointee.
The account is judicially settled as filed. Allowances and commissions will be fixed on the settlement of the order hereon, at which time there shall be presented affidavits of services.