Henby Epstein, J.
Petitioner, Guaranty Trust Company of New York, moves to settle its account as trustee and for a construction of the last will and testament of Dagmar Bauer (also known as Dagmar Bower) to determine to whom the principal of said trust is payable. The trust was created by an indenture dated April 24,1917 by Dagmar Bauer in the City of New York. It has been administered in NeAV York City. An intermediate account Avas settled July 1, 1946 while Dagmar Bauer and her husband, Raphael M. Bauer, were still alive. Raphael died December 24,1947 and Dagmar died October 10,1956, a resident of London, England. Dagmar’s last will is dated July 7, 1954, a first codicil December 18, 1954, a second codicil September 2, 1955. All these were probated in the Probate Registry of the High Court of Justice of England, May 24,1957. Midland Bank Executor and Trustee Company Limited has qualified and is the executor. Numerous next of kin have appeared and seek to determine the proper distribution of the trust herein.
The account of the petitioner, Guaranty Trust Company of New York, is judicially approved and settled. What remains is to ascertain to whom said petitioner shall make disposition of the trust fund Avithin its control. That will depend on the application of established legal principles to the facts in this case. The trust indenture was made April 24, 1917, when the settlor was stated to be “ of 333 Central Park West, Borough of Manhattan, City of New York.” It may be assumed that Dagmar was then domiciled in New York, there being no evidence to the contrary. Also, it is unquestioned that Dagmar in 1954, when her last will was executed, was domiciled in London, England. The trust fund in Guaranty Trust Company of New York is taken care of by paragraph 3 of the will, providing an annuity to a niece of testatrix, and the remainder to Dr. Barnado’s Homes National Incorporated Association. The codicil of December 18,1954 revokes the prior bequest and then leaves such trust fund to the Midland Bank Executor and Trustee Company Limited for the benefit of two designated nieces for life and the remainder to the same remainderman, Dr. Barnado’s Homes National Incorporated Association as theretofore. The second codicil on September 2, 1955 does not enter into this disputed bequest. The Dr. • Barnado’s Homes, etc. is also a residuary legatee and a charitable corporation of the United Kingdom and Northern Ireland.
It is the opinion of this court that the validity of the power of appointment and the future interests herein should be governed by the laws of England, where the sole owner of the beneficial power resided at the time of her demise. Under *854 English laws the future interests and suspension of power of alienation date from the exercise of the power of appointment and not from the date of its creation. But even under New York law the general plan of the testator will be upheld and, reasonably construed, the period of suspension is not beyond two lives in being.
Testatrix, following her husband’s death, had both a life and reversionary estate (Richardson v. Richardson, 298 N. Y. 135). The exercise of a valid power of appointment is governed by the domiciliary law of the donee of the power — Dagmar (Matter of New York Life Ins. & Trust Co., 157 App. Div. 916, affd. 209 N. Y. 585). Here the testatrix did not direct the application of New York law and the validity of her exercise of the power of appointment here should be governed by the laws of England. (Maynard v. Farmers’ Loan & Trust Co., 208 App. Div. 112, affd. 238 N. Y. 592.) The determination of the prior interim accounting in 1946 is not res judicata in this proceeding (Matter of Davis, 105 App. Div. 221, affd. 182 N. Y. 468). The power exercised by the testatrix in the codicils and the suspension of interests thereunder are valid (Matter of Hughes, [1921] 2 Ch. Div. 208). But even under New York law the power exercised by the testatrix should be upheld. The plan of the deceased should be preserved where possible (Matter of Bruckheimer, 193 Misc. 414, affd. 267 App. Div. 783, affd. 294 N. Y. 31). Particularly is this so where a charitable trust is the residuary beneficiary (Matter of Heller, 10 Misc 2d 363).
The residuary bequest to Dr. Barnado’s Homes was a valid disposition of trust corpus held by the trustee, consistent with both statutory and case law of New York State (Personal Property Law, § 18; Real Property Law, §§ 175, 176; Matter of Smith, 279 App. Div. 140, affd. 304 N. Y. 612). The instant, facts are hardly distinguishable from Van Wagenen v. Fox (22 N. Y. S. 2d 803) and Matter of Bearn (23 N. Y. S. 2d 1006). The trustee herein is therefore directed, consistent with the foregoing, to turn over the trust corpus to respondent Midland Bank Executor and Trustee Company Limited to be held in trust under the terms of the first codicil to the testatrix’ last will and testament, and for ultimate distribution to Dr. Barnado’s Homes. This court holds the power of appointment to have been properly exercised and a valid disposition to have been made of the trust corpus. The reasoning of the court in Matter of Glorney (109 N, Y. S. 2d 898) applies equally to the instant case.
Final order to be settled accordingly, at which time commissions, etc. will be provided. ;