S. Samuel Di Falco, S.
This construction proceeding is with regard to Article Third, subdivision (q) of testator’s will which bequeaths the residuary estate to ‘ ‘ the university oe Wisconsin research foundation of Madison, Wisconsin * * * for the purpose of establishing and maintaining free scholarships for or furnishing financial aid to worthy students at the university of Wisconsin to be known as the gilbert and edith hodges SCHOLARSHIP FUND. ’ ’
There exists no such entity as “ The University of Wisconsin Research Foundation ’ ’ nor did a foundation bearing such name ever exist. There doés exist Wisconsin Alumni Research Foundation and University of Wisconsin Foundation. Both claim the fund. To aid the court, the parties have submitted a statement of agreed facts.
The parties agree and it is well established that to aid construction in the case of misnomer of a legatee, the court may resort to extrinsic evidence to determine the object of the testator’s bounty. (Matter of Smith, 254 N. Y. 283 and cases therein cited.)
The evidence in this case reveals that the decedent was an alumnus of the University of Wisconsin and was a member of the University of Wisconsin Foundation elected to such membership on April 28,1945. Said decedent was also a member of the Wisconsin Alumni Research Foundation and was elected to said membership on May 25, 1944. It is conceded that he was a member until his death in both organizations.
The decedent’s last will was executed in New York on December 28, 1956. The decedent had executed prior wills on September 4, 1945 and on February 27, 1953 and in these wills he bequeathed all the rest, residue and remainder of his estate to the University of Wisconsin Foundation. It is to be noted that the Wisconsin Alumni Research Foundation sent out notice of meetings in 1956, that the Wisconsin Alumni Research Foundation was going to amend its by-laws so it could receive and accept gifts of bequests for use for university purposes, scholarships, research and financial aid. The decedent received a 10-page excerpt as to the further amending of the articles of the organization. Said decedent was an alumnus and a member of both of these organizations, and he had a common friendship with the members of both organizations as it appears that the *773 same gentlemen held positions in both organizations. That the decedent had notice of these meetings and proceedings on the part of the Wisconsin Alumni Research Foundation is evidenced by the decedent’s execution of a proxy statement in connection with the meetings. These organizations are part of a group that make up the university’s three alumni arms. The significant fact here is that decedent changed the beneficiary in his final will by leaving the bequest to the University of Wisconsin Research Foundation. The Wisconsin Alumni Research Foundation amended its by-laws approximately one month before the decedent executed his last will. The proximity of the new by-law (Nov., 1956) and the execution of the decedent’s will (Dec., 1956) is not to go unnoticed, as decedent now chose the research organization which had amended its by-laws to receive gifts, to be used for the same purpose as gifts to the University of Wisconsin Foundation which theretofore had been named as legatee.
In the case of St. Luke’s Home v. Association for Indigent Females (52 N. Y. 191, 193), it is stated:
‘ ‘ A bequest would not be held void for uncertainty as to the legatee, except when it was found impossible, either from the words used alone or in connection with such extrinsic evidence as would be competent, to determine with reasonable certainty the person or corporation intended.
‘1 It is well settled that an imperfect or inaccurate description of a person, natural or corporate, will not defeat a gift or grant.
‘ ‘ When there are two corporations, neither of which precisely answers the description of the will, and both answering equally well, and there are no circumstances which would incline the court to believe that the testator meant the one rather than the other, it is possible under the law in this State the gift would fail, although the courts in England, as it seems, would divide the legacy, and thus give effect to the general intent of the testator, although partially departing from his particular intent. (Atchins’ Trust, L. R. 14, Eq. Cas., 230.) This rule has not been, as yet, established with us.
“ It is not necessary that a corporation should be designated by its corporate name to entitle it to take as legatee. It is sufficient if it is so described that its identity can be established, that is, so that it may be distinguished from any other. (The New York Institution for the Blind v. How’s Exr’s., 10 N. Y. 84; Bernasconi v. Atkinson, 10 Hare, 345; Smith v. Smith, 4 Paige, 271.) ”
In this proceeding the words used by the decedent, and the fact of the amendment of its by-laws by the intended beneficiary and.the proximity of this action to the execution of the dece *774 dent’s last will, lead the court to the conclusion that it was the decedent’s intention to make a bequest to the Wisconsin Alumni Research Foundation. Submit decree construing the will accordingly.