Joseph A. Cox, S.
In this proceeding for the settlement of the accounts of trustees the petitioners seek a construction of the will. The testator died a resident of New York County in 1953. Under paragraph Fifth of his will he bequeathed his residuary estate in trust with the income therefrom payable to his son to whom the testator granted a power to appoint the remainder. The power of appointment is expressed as follows: “ to appoint the principal of said trust fund free of this trust to his lawful wife and/or his legitimate children, in such shares and upon such terms as my said son in his Last Will and Testament may direct, provided, however, that as to any share set aside for his lawful wife, such share may only be held by my said trustees, or their survivor or successors, in trust, for the benefit of my son’s said wife, with the income payable to her for the duration of her life.”
The testator’s son died on December 12, 1960, a resident of Connecticut, survived by his widow and two infant children. Under paragraph Fourth of his will the testator’s son directed that his residuary estate, including the property of this estate over which he had a power of appointment, be divided into three shares. The son directed that a fractional share, equal to the *898 estate tax marital deduction, be held in trust for his wife and that two thirds of his residuary estate be held in trust with the income payable to his wife for life and, on her death, the trust principal be added to the trust created under subdivision C of paragraph Fourth of his will. Subdivision C, so referred to, directed that the balance of the residuary estate be divided into as many separate equal shares as he had children surviving him and deceased children leaving issue surviving him. The donee further directed that one such share be held in trust for each surviving child, with one third of the principal payable to the child upon attainment of majority, one half of the then remaining principal payable upon the child’s attainment of age 25 and the balance of principal payable to the child upon attainment of age 30.
It is settled law that the validity of a power of appointment is governed by the law of the jurisdiction of the donor’s domicile. (Matter of New York Life Ins. & Trust Co., 139 N. Y. S. 695, affd. 157 App. Div. 916, affd. 209 N. Y. 585; Bishop v. Bishop, 257 N. Y. 40; Matter of Harriman, 124 Misc. 320, affd. 217 App. Div. 733.) While the donee of the power involved in this estate died a resident of Connecticut, the donor died a resident of this State and New York law governs any question involving the validity of. the appointment. The instrument exercising the power of appointment is deemed read into the will of the testator who granted the power and the period of suspension of absolute ownership is calculated upon a reading of both instruments in combination. (Matter of Pilsbury, 50 Misc. 367, affd. 113 App. Div. 893, affd. 186 N. Y. 545; Fargo v. Squiers, 154 N. Y. 250; Matter of Harbeck, 161 N. Y. 211; Matter of New York Life Ins. & Trust Co., supra; Bishop v. Bishop, supra.)
The limitation placed upon the power of appointment with regard to its exercise for the benefit of the donee’s wife was not violated by the donee’s will. Under that will one trust for the benefit of his widow consists only of property eligible to qualify for the Federal estate tax marital deduction and, for such reason, would not include the appointed property. All of the trust property over which the donor gave his son a power of appointment passes under the other provisions of paragraph Fourth of the donee’s will.
The two children of the donee of the power were born in 1956 and 1958 respectively, subsequent to the death of the donor of the power. Under the law existing at the date of the testator’s death, an exercise of a power of appointment by the attempted creation of trusts for the benefit of persons not in being at the *899 testator’s death would have been invalid (Personal Property Law, § 11) but at the date of death of the donee of the power the law respecting suspension of the absolute ownership of property had undergone amendments which, under the facts here present, permit a partial validation of the appointment here attempted. While the amended law still requires that a trust term be measured upon lives in being at the death of a testator, the limitation to two such lives has been abandoned and a further term of not more than 21 years is permitted (Personal Property Law, § 11, as last amd. by L. 1960, ch. 448). The cited statute also subjects limitations of future estates in personal property to the same rules prescribed in relation to future estates in real property. Section 179 of the Real Property Law reads: ‘ ‘ An estate or interest can not be given or limited to any person by an instrument in execution of a power unless it would have been valid if given or limited at the time of the creation of the power, provided, however, that the permissible period under section forty-two of this chapter and under section eleven of the personal property law shall be determined under the law in effect at the time of the execution of the power and not the law in effect at the time of the creation of the power.” (As amd. by L. 1959, ch. 456, § 2; L. 1960, ch. 448, § 3, eff. April 12, I960.)
Referring again to the Personal Property Law, we find that section 11-a, added by section 2 of chapter 452 of the Laws of 1960, effective April 12, 1960, provides as follows: “ Where an interest would, except for this section, be invalid because made to depend either for its vesting or for its duration upon any person attaining or failing to attain an age in excess of twenty-one years, the age contingency shall be reduced to twenty-one years as to all persons subject to the same age contingency.”
The lives of the donee’s children cannot be measuring lives inasmuch as they both were born after the testator’s death and, but for the recent statutory enactments, the donee’s attempt to extend the trust for a portion of the life of each of his children would have been futile. Applying section 11-a of the Personal Property Law, the appointment may be validated by reducing the age contingency, in the case of each child, to 21 years and, accordingly, it is held that each child will be entitled to the remainder of the secondary trust held for such child’s benefit upon the child attaining the age of 21 years. This construction also applies to such portions of the secondary residuary trust for the benefit of the donee’s widow which, under the terms of the will, may fall into the separate trusts for the children. Any *900 question as to the disposition of a trust remainder in the event a child shall die in infancy is academic at this time (Matter of Mount, 185 N. Y. 162).
The request for the appointment of the son’s widow as substituted cotrustee in his place is granted. The reasonable compensation of the attorneys for the petitioners is fixed and allowed in the amount requested, together with disbursements.