Harry G. Herman, S.
The children of the above-named decedent have instituted this independent proceeding for a construction to obtain a determination as to the validity or invalidity of provisions for an express trust under article “ ninth ” of the will, A determination of such question requires a consideration of the context of said article which reads in part as follows: “ Upon the death of my wife, Ida, I direct that my Executor and Trustee shall continue said trust for a period during the lifetime of my youngest grandchild now living, Mark Liebowitz, provided, however, should this grandchild live longer than 60 years after my death, then in that event the said trust shall terminate at the end of 60 years. Should, however, my said grandchild, Mark Liebowitz, die before the expiration of 60 years, then and in that event, the trust shall continue during the lifetime of my youngest grandchild who shall then be living, for a further period and shall terminate after the expiration of 60 years after my death. It. is my intention that the trust herein created shall continue during a period of 60 years and shall be measured by the lives of my grandchildren during that period.”
The decedent died on November 4,1959, and his will dated May 25, 1959 and a codicil dated October 7, 1959 were admitted to probate by a decree of this court dated January 11, 1960.
Petitioners contend that the above-quoted provisions are invalid in that the trust term is measured by a fixed period of years rather than lives in being and that the residuary estate is therefore distributable as intestate property. The executor and trustee, as well as the special guardian for the grandchildren of decedent, contend that it was the intention of the testator that the trust be measured by lives in being rather than a fixed period of time.
Section 42 of the Eeal Property Law, amended by chapter 153 of the Laws of 1958, which became effective on September 1, *407 1958, was made applicable as to the wills of persons dying on or after September 1, 1958. The amendment extended the period during which the power of alienation might be suspended from two lives in being, so as to permit a suspension for multiple lives in being at the creation of the estate plus a term of not more than 21 years.
By article ‘1 fourth ’5 of his will testator devised and bequeathed his residuary estate in trust. The net income to the extent of $50 weekly was payable for the support of his wife during her life commencing as of the death of testator. By article “ fifth ”, upon the death of his wife the income of said trust was to be paid to her son Joseph at the rate of $50 per week. An examination of the above provisions of article “hiuth” discloses that upon the death of his wife the trust was to continue during the life of the youngest grandchild, Mark, with the proviso that should said grandchild live for a period of longer than 60 years after the death of testator, the trust should terminate at the end of the 60-year period. If Mark died before the end of the 60-year period the trust was to continue during the lifetime of the youngest grandchild then living, but in no event beyond the 60-year period. By article “ truth ” the testator provided for payment of fixed percentages of the balance of income among each of his four children, two sons and two daughters, and each of seven named grandchildren. In the case of the sons, upon their death certain percentages of the income which they would have received if living were directed to be paid in one case to a granddaughter and in the other case to another son. By article “ eleventh ” the remainder of said trust is directed to be distributed in specified percentages to the same persons with a proviso for distribution among the survivors of the children of any legatees who should die before the termination of the trust.
The function of a court in a construction proceeding is to first ascertain the intention of the testator from the language of the will, and secondly to carry out that intention if within the law (Matter of Buechner, 226 N. Y. 440; Matter of Sliter, 286 N. Y. 117). The court is justified in assuming that a will is drawn with knowledge of the applicable provisions of law (Kahn v. Tierney, 135 App. Div. 897, affd. 201 N. Y. 516) and it is a rule of construction that where a will is capable of more than one interpretation, that which is valid should be preferred to that which is invalid (Matter of Gallien, 247 N. Y. 195; Greene v. Greene, 125 N. Y. 506). Moreover, the law presumes that a person who draws a will does not intend to die intestate, and testacy is therefore to be preferred to intestacy (Waterman v. *408 New York Life Ins. & Trust Co., 237 N. Y. 293; Matter of Warren, 11 N Y 2d 463, 468).
“It is settled beyond dispute that in determining whether a will has illegally suspended the power of alienation, the courts will look to what might have happened under the terms of the will rather than to what has actually happened since the death of the testator (Matter of Friend, 283 N. Y. 200, 206, 208-209; Matter of Durand, 250 N. Y. 45, 53; Matter of Perkins, 245 N. Y. 478, 481-482; Monypeny v. Monypeny, 202 N. Y. 90, 93; Matter of Wilcox, 194 N. Y. 288, 295; Schettler v. Smith, 41 N. Y. 328, 334-335).” (Matter of Fischer, 307 N. Y. 149, 157.) Clearly, if it were testator’s intention that the property should be held in trust for a fixed period of years the trust would be void as the power of alienation might be suspended for a longer period than lives in being (Kalish v. Kalish, 166 N. Y. 368). The limitation of a trust estate for a fixed period of years is valid provided termination at an earlier period is required by the expiration of lives in being at the expiration of the trust (Schermerhorn v. Cotting, 131 N. Y. 48).
Provisions for a trust to continue for a stated number of years do not prohibit its measurement by a life or lives in being if the will imports an earlier termination on the death of the income beneficiary (Matter of Goldstein, 145 N. Y. S. 2d 823, affd. 3 A D 2d 16, motion for leave to appeal denied 3 A D 2d 755; Matter of Ayres, 76 N. Y. S. 2d 897). A trust to pay income to named persons even though for a term of years after the date of death has been regarded as a trust measured by lives in being upon the premise that income was to be payable only during the lifetime of the beneficiaries (Crooke v. County of Kings, 97 N. Y. 421; Farley v. Secor, 167 App. Div. 80).
The intention of testator that the trust term was to be measured by lives in being is clearly apparent from the last sentence of article “ nmTH ”. The testator there expressly stated that although it was his intention that the trust should continue for 60 years, the trust term nevertheless was to be measured by lives in being during that period. Also indicative of an intention that the trust term was not to extend beyond any period measured by lives in being is the proviso that should Mark live longer than 60 years after the death of testator the trust was to terminate at the expiration of the 60-year period.
Accordingly, the will is construed as providing for a trust measured by the life of decedent’s wife and the designated grandchildren living at the time of the death of testator. The term of 60 years is construed as a maximum rather than a minimum limitation measuring the duration of the trust term.