Samuel M. Gold, J.
This is an application by the accounting trustee for instructions.
The deed of trust containing the testamentary power of appointment was dated July 17, 1918 and was irrevocable. The donee of the power died on January 22, 1961, a resident of Mississippi, and her will, which exercised the power, was probated on January 24, 1961 in Mississippi. Since the deed of trust was executed in this State and there is nothing to indicate a contrary intent, the deed of trust as well as the validity of the exercise of the power created by it must be controlled by New York law (Matter of New York Life Ins. & Trust Co., 209 N. Y. 585). Although section 178 of the Real Property Law presently permits powers of appointment created prior to April 12, 1960 to be exercised after that date for a period measured by lives in being and 21 years, the measuring lives must, nevertheless, have been in existence at the date of the creation of the power, viz., July 17, 1918 (Matter of Wilde, 31 Misc 2d 896, 899).
The donee of the power by her will created trusts for her two sons, one of whom, Ladd, was born on May 4,1936 and the other, Michael, on May 7,1942. Neither of the sons was a life in being *531 on July 17, 1918. However, the presently applicable statute permits suspension of the absolute ownership and postponement of vesting for a period of 21 years, in addition to lives in being. (Personal Property Law, § 11; Eeal Property Law, § 42.) The 21-year period runs from January 22, 1961, the date of the death of the donee of the power, the only life in being at the date of creation of the power, July 17, 1918. Although the provisions of the trusts for the sons call for payment of the principal to them only when they respectively reach the age of 40 years, section 11-a of the Personal Property Law provides that 1 ‘ Where an interest would, except for this section, be invalid because made to depend either for its vesting or for its duration upon any person attaining or failing to attain an age in excess of twenty-one years, the age contingency shall be reduced to twenty-one years as to all persons subject to the same age contingency ”. Application of this section to the trust for Ladd results in the termination of his trust on his 21st birthday, which has already occurred. The principal of said trust is, therefore, presently payable to Ladd. The trust for Michael is to end, by virtue of section 11-a on May 7,1963, his 21st birthday.
Although the trustee named in the donee’s will is a Mississippi bank, the trust for Michael must be administered by the trustee of the donor’s deed of trust, since a donee of a power to appoint by will is a mere agent of the donor and, until absolute vesting, the property remains subject to the jurisdiction and control of the courts of the donor’s domicile (Sewall v. Wilmer, 132 Mass. 131 [Gray, Ch. J.], the opinion in which was expressly approved in Matter of New York Life Ins. & Trust Co., supra; Matter of Walbridge, 178 Misc. 32, 35; Matter of Chase Nat. Bank, 102 N. Y. S. 2d 124, 127). If the Mississippi bank should successfully apply here for appointment and qualify here, the administration of the trust for Michael may be turned over to it. The case of Matter of Matthiessen (195 Misc. 598) did not involve the exercise of a power of appointment in favor of a foreign trustee. Moreover, in that case, the court found that the grantor knew that his son and his family were residents of California when he gave the son the right to appoint a successor corporate trustee, and that the grantor must have realized that the son might find it more convenient to have the trust administered in California. In the circumstances, the failure of the grantor to limit his son’s choice of a successor corporate trustee to a New York bank or trust company was deemed to indicate that the grantor did not intend to forbid appointment of a successor trustee of another State. The absence of a restriction to a New York institution was held to have been “ purposeful
*532 The merger cases cited by the Mississippi bank do not involve the effect of a merger upon appointive property, the disposition of which would violate the Rule against Perpetuities. The bank’s cases relate merely to the applicability of appointed assets to the payment of the debts and legacies of the deceased donee of the power. The donee’s blending of her own property with the appointive property does not permit the donee to set up trusts of the appointive property which, but for the merger, would be invalid under the Rule against Perpetuities (Matter of Phelps, 159 N. Y. S. 2d 55; Matter of Barrett, 137 N. Y. S. 2d 757).