Samuel M. Gold, J.
The trust here involved differs somewhat from the one construed upon a companion motion, decided simultaneously herewith (36 Misc 2d 529). The trust is dated January 19,1927. It is expressly made revocable and it contains an express provision that it “is made under and in pursuance of the laws and statutes of the State of New York, and is to be construed, interpreted and given effect in accordance with said laws and statutes ”. The trustee named therein is a New York banking corporation. In view of the fact that the trust was revocable until May 7, 1936, the date of the donor’s death, the period of the suspension permitted by statute must be computed from May 7, 1936 (Real Property Law, § 179-a, subd. 2). Although Ladd, born on May 4,1936, was a life in being on May 7, 1936, Michael, born May 7, 1942, was not a life in being at that time.
The trust for Michael’s benefit can, nevertheless, be saved if its duration is reduced to the time he became 21 years of age by application of section 11-a of the Personal Property Law (see opinion on companion motion decided simultaneously herewith). The period of suspension permitted by statute in January, 1961 was lives in being plus 21 years (Personal Property Law, § 11; Beal Property Law, § 42). Section 178 of the Beal Property Law provides that the statutory period shall be determined under the law in effect at the time of the execution of the power (in this case, 1961). The only life in being, as to Michael’s share, was the testatrix’ who was the donee of the power of appointment and who did not die until January 22, 1961. The period of permissible suspension of Michael’s share does not expire until 21 years after the death of the testatrix. Michael will be 21 years old long before the expiration of the 21-year permissible suspension.
Were it not for the provisions of section 11-a the trust for Ladd would fall together with that for Michael, notwithstanding the fact that Ladd was a life in being on May 7, 1936. This is so because the intent of the donee of the power would be frustrated if Ladd’s trust were held valid and the trust for Michael were held invalid. In that event, the corpus of Michael’s trust would pass, there being no valid appointment equally to Ladd and Michael, thereby augmenting Ladd’s estate at the expense of Michael’s estate. Obviously, the testatrix did not intend such unequal treatment of her two children. Nor would it be equitable to uphold Michael’s trust by reducing it so as to end on his 21st birthday through application of section 11-a and, *534 at the same time, leave a trust for Ladd, the older son, unchanged, thus requiring him to wait until he reaches the age of 40 years to obtain the corpus of his trust. In the circumstances, to carry out the clear intent of the testatrix to treat both children the same, the trusts to both Michael and Ladd will be reduced so as to end on their 21st birthdays, respectively, through application of section 11-a, which expressly permits such reduction “as to all persons subject to the same age contingency”. Since Ladd is now over 21 years old the principal of his trust is presently payable to him.
The trust for Michael is to continue until his 21st birthday on May 7,1963, at which time the principal is to be paid to him. The trust is to be administered by the Chase Manhattan Bank, unless the Mississippi bank should apply for and obtain appointment in this State, in which event the administration of the trust is to be transferred to it.