S. Samuel Di Falco, S.
In this proceeding- to settle his account the executor has asked the court to construe the meaning and legal effect of four paragraphs of the decedent’s will. The first of these paragraphs which is designated as Item IV, paragraph (m) bequeathed a sum of money to the Home of the Daughters of Israel for perpetual religious services for the decedent and her deceased husband. The second of these paragraphs designated as Item IV, paragraph (n) bequeathed a sum of money to the Temple Ansche Chesed for perpetual religious services for the decedent and her deceased husband.
With respect to these bequests the questions raised by the executor are first whether or not the bequest which is made to the Home of the Daughters of Israel is valid in that the said home is not a religious organization and second whether any bequest can be made for perpetual religious services. The Attorney-General has appeared in this proceeding and the court *961 concurs with the position taken by the Attorney-General with respect to both the bequests. The said bequests are valid as gifts for religious ceremonials which our courts have uniformly held to be gifts for a charitable use (Matter of Fleishfarb, 151 Misc. 399; Matter of Steiner, 172 Misc. 950; Matter of Morris, 227 N. Y. 141).
The fact that the gift made in paragraph (m) is not made to a religious organization does not affect its validity because as has been pointed out the institution to which the gift was made maintains a religious chapel in which religious prayers such as those contemplated by the decedent are regularly held (Johnston v. Hughes, 187 N. Y. 446).
The third question raised by the petition involves the bequest made by the decedent under Item IV, paragraph (p) which is a bequest to the Sisterhood of the Daughters of Israel. The question here involved is merely one of misnomer. The decedent was a member of the women’s board of the Home and Hospital of the Daughters of Israel and there is no doubt that this was the organization which was the intended recipient of the decedent’s gift. The court therefore directs that the bequest made in Item IV, paragraph (p) be paid to the women’s board of the Home and Hospital of the Daughters of Israel. (St. Luke’s Home v. Assn. for Indigent Females, 52 N. Y. 191; Le Fevre v. Le Fevre, 59 N. Y. 434; Matter of Hodges, 26 Misc 2d 771.)
Under Item IV, paragraph (q) of the decedent’s will the decedent made a bequest in the following language: “ I give and bequeath the sum of One Thousand ($1,000.00) Dollars to the first nephew or niece of mine, to whom a child shall be born after my decease and which child shall bear the same first name as mine, both in Hebrew and in English; and if this shall not occur within ten (10) years after my decease, then this bequest, together with accumulated income, shall be divided equally amongst steven d. frfedlander, bruce m. eriedlahder, Howard marcus and Harriet marcus, or the survivors of them. ’ ’
The question raised is whether the bequest in the form made violates section 11 of the Personal Property Law in that it appears to be a bequest for a stated number of years. At the time of her death the decedent left her surviving six nieces and nephews. Our courts have had the occasion to pass upon similar questions prior to the amendment of section 11 of the Personal Property Law in 1958 and when faced with the question have whenever possible validated the trust if a provision could be found in the will which would limit the trust termination to the period permitted by the Statute against Perpetuities (Matter *962 of Drury, 249 N. Y. 154; Schermerhorn v. Cotting, 131 N. Y. 48; Matter of Ayres, 76 N. Y. S. 2d 897; Matter of Bay, 178 Misc. 737; Matter of Wogatzky, 194 Misc. 101).
In the case at bar although no trust is created the maximum term during which the bequest can be held in suspension is limited to the lives of six nieces and nephews who were-in being at the time of the decedent’s death, or a period of 10 years, whichever event occurs first. The failure of any of the nieces and nephews to qualify for the receipt of the gift prior to the expiration of the 10-year period will result in a valid gift over and final distribution of the fund to the alternate beneficiaries provided for by the terms of the decedent’s will (Matter of Allar, 36 Misc 2d 405).
It is the further opinion of this court that under the provisions of the Personal Property Law as amended the gift in question would be valid as it would be distributable prior to the expiration of the 21-year period which has been added to. the provision of lives in being (Matter of Wilde, 31 Misc 2d 896; Matter of von Gontard, 36 Misc 2d 532).