Harry G. Herman, S.
The executor herein has asked the court for advice and direction regarding paragraph ‘ ‘ fourteenth ” of decedent’s will, which requires in effect a construction.
In this provision, decedent authorized her executor to pay $50 “ to anyone of my relatives upon condition that said relative shall give my name to his or her child. ’ ’ Although no trust is created by this bequest, it does suspend the power of alienation, and, hence, section 11 of the Personal Property Law applies to it.
Hnder that section, the bequest is invalid. The term “my relatives ” is too imprecise to designate only lives in being at decedent’s death; it might refer as well to persons born long after decedent’s death. There are no lives designated by this provision as measuring lives. Further, decedent provided no maximum period of time within which the bequest would either *539 take effect or terminate. The case is in these respects unlike Matter of Klein (39 Misc 2d 960) in which a similar provision was upheld.
The court, therefore, construes paragraph “ fourteenth ” to be invalid as violating the statutory Rule against Perpetuities. The court has been informed that no relative of the decedent has complied with the condition stated in this provision since decedent’s death. There is thus no person who presently qualifies for the bequest. Under the construction made, the bequest will terminate and remain part of the residuary.
The executor having also prayed that the bequest herein to the alien nonresident legatee residing in Roumania be deposited with the Commissioner of Finance of Westchester County on the ground that said legatee would not have the “ benefit or use or control of the money or other property due him” (Surrogate’s Ct. Act, § 269-a) and no hearing having been requested, such request is granted (Matter of Greenberg, 46 Misc 2d 883, affd. 24 A D 2d 435).