OPINION OF THE COURT
Edward W. McCarty III, J.
This is a petition under EPTL 8-1.1 for an order determining the disposition of a charitable bequest.
The decedent’s last will and testament, dated February 22, 1991, was admitted to probate by a decree of this court. At issue is a bequest of $100,000 to “United Lutheran, 17 South Road, Hicksville, New York . . . to be used for their general purposes.” There is no gift over. The executor, who was initially unable to locate or trace the history of “United Lutheran,” petitioned for an order directing the substitution of a neighboring church as the beneficiary.
In a decision dated March 12, 2015, the court advised the executor to make a further effort to determine the identity of the intended beneficiary. The executor subsequently filed an amended petition. Jurisdiction is deemed complete based upon service of citation upon the following: the Attorney General of the State of New York, Inga Lederer (beneficiary of one half of residuary estate) and the Metropolitan New York Synod of the Evangelical Lutheran Church in America. Petitioner is the co-beneficiary of the residuary estate. The Attorney General raises no opposition to the amended petition.
In the case of the misnomer of a charitable beneficiary, the court may resort to extrinsic evidence to determine the object of the testator’s bounty (Matter of Hackett, 37 Misc 2d 1029 [Sur Ct, NY County 1962]; Matter of Hodges, 26 Misc 2d 771 [Sur Ct, NY County I960]). The Metropolitan New York Synod of the Evangelical Lutheran Church in America has identified “United Lutheran” as the Redeemer Lutheran Church, founded in 1958 and previously located at 17 New South Road, Hicks-ville, New York. Redeemer Lutheran Church, which ceased to exist in 2004, was originally a constituent church of the United Lutheran Church of America. The subsequent merger of several Lutheran organizations resulted in the Redeemer Lutheran Church becoming a member of the Evangelical Lutheran *477 Church in America. Apparently, there was no dissolution of the Redeemer Lutheran Church, under section 18 of the Religious Corporations Law.
Religious Corporations Law § 17-c (2) (c) (ii) provides that undisposed property of a Lutheran congregation, which ceases to exist, passes to the synod to which the congregation is related. However, the subject bequest was not an asset of the Redeemer Lutheran Church at the time that the congregation disbanded and section 17-c makes no provision for the disposition of bequests which take effect after a congregation has ceased to exist (cf. N-PCL 1002 [d] [1]; 905 [b] [2]). In the absence of a governing statutory provision, EPTL 8-1.1 supplies the standard to determine the disposition of the bequest (see Matter of Hummel, 30 AD3d 802 [3d Dept 2006]).
The several charitable bequests under the last will and testament disclose a general charitable intent (Matter of Lally, 112 AD3d 1099 [3d Dept 2013]; Matter of Dowdall, 23 Misc 3d 1120[A], 2009 NY Slip Op 50845[U] [Sur Ct, Kings County 2009]) as opposed to a specific intent to benefit only Redeemer Lutheran Church.
The court finds that the decedent’s intent is best effectuated by substituting the Metropolitan New York Synod of the Evangelical Lutheran Church in America, as the beneficiary of the bequest to “United Lutheran.”